350 So.2d 484 (1977)
STATE ex rel., DIVISION OF ADMINISTRATION, State of Florida, Department of Transportation, Relator,
v.
The Honorable R. Hudson OLIFF, As Judge of the Circuit Court, Fourth Judicial Circuit, in and for Duval County, Florida, Respondent.
No. GG-256.
District Court of Appeal of Florida, First District.
September 13, 1977.
Rehearing Denied October 27, 1977.
*485 Alan E. DeSerio, Robert I. Scanlan, H. Reynolds Sampson, Tallahassee, for relator.
Cecilia A. Bryant of Bryant, Dickens, Franson & Miller, R. Hudson Oliff, Jacksonville, for respondent.
ERVIN, Judge.
Henrietta Kinnon filed her amended complaint in two counts against the Department of Transportation. The first alleges the location and size of the drainage easement upon her property constitutes a breach of the contract she entered into with the Department. The second alleges false representations by the Department's agents in the making of that contract. The first count sounds in contract and the second in tort. The Department moved to dismiss the complaint since the agreement was entered into in April, 1974, during which time the Department enjoyed sovereign immunity. While sovereign immunity in tort actions has been waived by Section 768.28, Florida Statutes (1975), to the extent of liability coverage, the Department contends such was not the law in April, 1974. Section 768.30 provides the waiver of sovereign immunity for tort did not take effect for the Department until July 1, 1974. As to count two, the Department argues it was and is immune from contract actions.
*486 The trial court denied the motion to dismiss and suggestion for writ of prohibition was filed in this court.
A rule nisi was entered and Ms. Kinnon answered. As to the question of tort immunity, she alleged in her complaint the construction of the drainage easement was not completed until on or after January 15, 1975. She contends it was not until that time that she could have known of any cause of action she may have against the Department. This, of course, would be after the effective date of Section 768.28. This cause of action, sounding as it does in fraud,[1] accrues when the fraud or deceit was or should have been discovered. Section 95.031(1), Florida Statutes (1975); Tullo v. Horner, 296 So.2d 502 (Fla. 3rd DCA 1974). The question of discovery is a factual one, not appropriately passed upon at the pleadings stage. The trial judge correctly denied the motion to dismiss as to the first count.
Ms. Kinnon next argues Section 337.19(1), Florida Statutes (1975), allows contract actions against the Department. That section reads:
"Suits at law and in equity may be brought and maintained by and against the department on any claim under contract for work done; provided that no suit sounding in tort shall be maintained against the department."
This action is not one based on a claim "under contract for work done" and is not applicable here. Statutes purporting to waive sovereign immunity are strictly construed, and must be clear and unequivocal. Seaside Properties, Inc. v. State Road Department, 121 So.2d 204 (Fla. 3rd DCA 1960). Further, since the Supreme Court opinion in Circuit Court of Twelfth Judicial Circuit v. Department of Natural Resources, 339 So.2d 1113 (Fla. 1976), it is clear agencies are immune from contract actions generally.[2]
The trial judge being without subject matter jurisdiction over the count alleging breach of contract, the writ of prohibition is issued as to that portion of the complaint only.
RAWLS, Acting C.J., and MILLS, J., concur.
NOTES
[1] We may assume false representations alleged in the complaint are not negligent misrepresentations, for if so, the cause of action accrued at the time the injury took place, and not at the time of discovery. Cristiani v. City of Sarasota, 65 So.2d 878 (Fla. 1953). The injury here, the construction of the allegedly oversized drainage easement assuredly took place prior to July 1, 1974, the effective date of § 768.28.
[2] But see State Road Department of Florida v. Tharp, 146 Fla. 745, 1 So.2d 868 (1941), where the Department was found to have no immunity against a suit alleging a "taking" of property in derogation of constitutional rights.