397 So.2d 671 (1981)
Nina DIAMOND, Adele Diamond, and William Diamond, Petitioners,
v.
E. R. SQUIBB AND SONS, INC., Respondent.
No. 56451.
Supreme Court of Florida.
April 16, 1981.
Mark Krasnow of Law Offices of Lida & Krasnow, Miami, Alan E. Weinstein, Miami Beach, for petitioners.
James C. Blecke and James E. Tribble of Blackwell, Walker, Gray, Powers, Flick & Hoehl, Miami, for respondent.
BOYD, Justice.
This cause is before the Court on petition for certiorari to review the decision in Diamond v. E.R. Squibb & Sons, Inc., 366 So.2d 1221 (Fla.3d DCA 1979). Jurisdiction is predicated on conflict with Overland Construction Co. v. Sirmons, 369 So.2d 572 (Fla. 1979). Art. V, § 3(b)(3), Fla. Const. (1972). We conclude that under the principle laid down in Overland, which was decided after the decision in the case under review, the district court of appeal was in error and its decision must be quashed.
On April 1, 1977, Nina Diamond and her parents brought this action against E.R. Squibb and Sons, Inc., based on negligence and product liability. They alleged that from July 27, 1955, to April 1, 1956, Nina Diamond, while yet unborn, had administered to her a drug known as diethylstilbestrol, produced by the Squibb company under the trademark "stilbetin." They alleged further that in May, 1976, they learned that teenaged girls whose mothers had been treated with stilbetin during pregnancy were developing cancerous or precancerous conditions. The complaint charged that in developing, promoting, and marketing the drug, Squibb knew or should have known that it was not safe.
The defendant Squibb moved for summary judgment on the ground that section 95.031(2), Florida Statutes (1977), was applicable and barred the action. Section 95.031(2) provides:

*672 Actions for products liability and fraud under subsection 95.11(3) must be begun within the period prescribed in this chapter, with the period running from the time the facts giving rise to the cause of action were discovered or should have been discovered with the exercise of due diligence, instead of running from any date prescribed elsewhere in subsection 95.11(3) but in any event within 12 years after the date of delivery of the completed product to its original purchaser or the date of the commission of the alleged fraud, regardless of the date the defect in the product or the fraud was or should have been discovered.
In response to the motion, the plaintiffs argued that section 95.031(2), if held to apply, would have abolished their right of action thereby depriving them of due process of law and denying them access to courts in violation of article I, section 21, Florida Constitution. The circuit court ruled for defendant and entered summary judgment.
Article I, section 21, Florida Constitution, provides: "The courts shall be open to every person for redress of any injury, and justice shall be administered without sale, denial or delay."
The operation of section 95.031(2) in this case has the same effect as it had in Overland Construction Co. v. Sirmons, 369 So.2d 572 (Fla. 1979). The statute of limitations operated there to bar the cause of action before it ever accrued, so that no judicial forum was available to the aggrieved plaintiff. A majority of the members of this Court declared the limitations period unconstitutional as applied on the ground that it violated article I, section 21, Florida Constitution.
We find that binding precedent exists because petitioners' right of action was barred before it ever existed, as in Overland. We therefore hold that as applied in this case, section 95.031(2) violates the Florida Constitution's guaranty of access to courts.
The district court's decision is quashed and the cause is remanded to that court with directions to vacate the judgment and remand to the circuit court for further proceedings consistent with this opinion.
It is so ordered.
SUNDBERG, C.J., and ADKINS, OVERTON and ENGLAND, JJ, concur.
McDONALD, J., concurs specially with an opinion.
ALDERMAN, J., dissents.
McDONALD, Justice, specially concurring.
I have questioned whether the doctrine articulated in Overland Construction Co. v. Sirmons, 369 So.2d 572 (Fla. 1979), is an unwarranted curb on the legislature's power and do not embrace it.[*] I do, however, concur in the results of this decision.
The sale and ingestion of the alleged defective product took place in 1955-1956. It is alleged that the effect of that ingestion did not materialize until after the plaintiff reached puberty. In this plaintiff's case the claim would have been barred, even though the wrongful act had taken place, before the injury became evident. She had an accrued cause of action but it was not recognizable, through no fault of hers, because the injury had not manifested itself. This is different from a situation where the injury is not inflicted for more than twelve years from the sale of the product. When an injury has occurred but a cause of action cannot be pursued because the results of the injury could not be discovered, a statute of limitation barring the action does, in my judgment, bar access to the courts and is constitutionally impermissive.
NOTES
[*] See Battilla v. Allis Chalmers Mfg. Co., 392 So.2d 874 (Fla. 1980).