475 So.2d 920 (1985)
Carolyn KEMPFER, Doris Kathryn Kempfer Debord, Ann Elizabeth Kempfer Madden, William Clyde Kempfer, Rebecca P. Kempfer, a/k/a Julia Rebecca Kempfer, George Reed Kempfer, and Charlene Webb Kempfer, Appellants,
v.
ST. JOHNS RIVER WATER MANAGEMENT DISTRICT, Greater St. Johns River Basin, Francis Pignone, Idwal Owen, Jr., Lynne Capehart, John D'Albora, Frank Friedman, Michael Bradock, Dr. Claude O. Godwin, Michael Gray, Ralph Simmons, Appellees.
No. 84-97.
District Court of Appeal of Florida, Fifth District.
August 8, 1985.
Rehearing Denied September 24, 1985.
*921 Leon Handley & Paul R. Linder, of Gurney & Handley, P.A., Orlando, for appellants.
Christopher S. Skambis and Egerton K. Van den Berg, of Van den Berg, Gay, Burke, Wilson & Arkin, P.A., Orlando, for appellees.
PER CURIAM.
The Kempfer family, the plaintiffs below, appeal from a final summary judgment in favor of the St. Johns River Water Management District, the Greater St. Johns River Basin, and the individual members of those public bodies, the defendants below. The plaintiffs sought declaratory and equitable relief to rescind or cancel deeds and declare the parties' rights to easements they conveyed in 1967 to the Central and Southern Florida Flood Control District (predecessor in title to the District and Basin). This suit was filed on February 12, 1981. We reverse in part and remand.
In order to affirm the summary judgment, we must determine that the record poses no material issue of fact, and that as a matter of law, the appellant is not entitled to relief. O'Connell v. Walt Disney World Company, 413 So.2d 444 (Fla. 5th DCA 1982); Shepard v. City of Palatka, 414 So.2d 1077 (Fla. 5th DCA 1981); Fla.R.Civ.P. 1.510(c). In making this determination, we must accept the allegations of the complaint, as true, since in this case, they were not countered by any affidavits *922 or depositions by the appellees. Therefore, the posture of this case is more analogous to reviewing the propriety of a judgment entered on the pleadings.
In their complaint, the plaintiffs allege that in 1967 they were fraudulently induced to convey their title, in fee simple absolute, to large tracts of land in Osceola and Brevard Counties, and to grant express easements over many additional acres to the Central and Southern Florida Flood Control District (predecessor and assignor of the appellees). The plaintiffs alleged that the Flood Control District misrepresented that the plaintiffs' lands were needed to complete a flood control project designed in 1962 by the U.S. Army Corps of Engineers, for which all necessary federal and state approvals and permits had already been obtained, and that the funding for the project was authorized. The District threatened to condemn plaintiffs' lands if they did not convey their lands to them, but assured them that the project would benefit the plaintiffs' remaining lands. The complaint alleged that when made, the persons who made these representations knew they were false or that they were mistaken.
The project as designed in 1962 was rejected by Florida as environmentally impermissible in 1974. Only fragments of the 1962 project, consisting of dikes, levies and incompleted structures, which are not functional for flood control purposes, have been erected on the lands that the plaintiffs conveyed to the District. In their answers to interrogatories and as an affirmative defense, the defendants denied that they do not need appellants' lands for a water management plan for the upper St. Johns River Basin. They also raised the affirmative defenses of laches, various statutes of limitations, and sovereign immunity. The trial court ruled that plaintiffs' causes of action were barred by the statute of limitations, section 95.12, Florida Statutes (1979), sovereign immunity, and failure to sufficiently allege extrinsic fraud.

I.

Sufficiency of Appellants' Allegations of Fraud
It is well-established in Florida that a former owner seeking to set aside a deed to real property obtained through condemnation proceedings must establish "extrinsic" fraud, because the suit is essentially a collateral attack on a final judgment.[1] Extrinsic fraud relates to gross defects in the jurisdiction of the court, or fraud practiced on the court. Admittedly, it is not pleaded in this case.
However, where a deed to real property is sought to be rescinded or cancelled because of fraudulent misrepresentations, extrinsic fraud need not be established. Ordinary fraud will suffice.[2] Misrepresentations relating to promises of the grantee to do something in the future, are generally held to be insufficient grounds for rescission of a duly recorded deed.[3] There are exceptions to this general rule in instances where the grantee promises to support the grantor for the balance of his lifetime,[4] and for promises which were the primary inducement for the conveyance, that when made, were known to be false by the person making them.[5]
*923 In the complaint filed in this case, the plaintiffs alleged that the District made false representations to them relating to its ability and its intent to complete the 1962 flood control project. The plaintiffs do not allege that these representations were known by the District to be false when they were made. Just as mistake or failure of consideration is not a sufficient basis for rescission,[6] neither is the collapse of a condemning authority's ability or plans to use the property obtained by deed[7] for a particular purpose intended at the time the conveyance was executed. In such cases, there is no right to rescission.[8]
We therefore affirm the lower court's judgment in part for the reason that the allegations of fraud contained in the complaint constitute an insufficient basis upon which to predicate the remedy of rescission of the deeds and easements for fraud.

II.

Statute of Limitations
In this case, the trial court found the plaintiffs' cause of action was barred by section 95.12, Florida Statutes (1983), which provides:
No action to recover real property or its possession shall be maintained unless the person seeking recovery or his ancestor, predecessor, or grantor was seized or possessed of the property within 7 years before the commencement of the action.
The trial court ruled that the statute effectively barred the plaintiffs' suit since they have not been in possession of the land since the conveyances were executed in 1967.
We disagree that section 95.12 bars the plaintiffs' cause of action pertaining to the easements. Section 95.12 would never be applicable to bar suit for rescission of a grant of an easement, or an interpretation of rights thereunder, since the fee owner of lands impressed with the easement retains both the fee simple and possession (or constructive possession) of the lands, even though they are burdened with an easement enjoyed by another. In other words, an easement is a nonpossessory interest in land.[9] Since an easement is an incoporeal interest in land,[10] under no circumstances would the fee owner be affected by section 95.12.
Further, had the fraud remedy been sufficiently pleaded in this case, we think that section 95.031(2), Florida Statutes (1983)[11] makes clear that such a cause of action does not accrue until the facts constituting fraud are discovered or should have been discovered.[12] Concealment of an *924 alleged fraud, would prevent section 95.12 from running from the date of the deed and grant of the easements. Since the record in this case does not establish the point of discovery, it would present a material question of fact[13] making entry of a summary judgment improper on the basis of the statute of limitations.[14]

III.

Sovereign Immunity
Appellees urge that section 768.28, Florida Statutes (1975), the statute waiving sovereign immunity for the state and its agencies, provides no right to sue for the type of relief sought in this complaint. In 1967, the date of the conveyances in the instant case, there was no statutory waiver of sovereign immunity. But, at the time of this suit, the 1975 statute was in effect. It provided:
(1) In accordance with s. 13, Art. X, State Constitution, the state, for itself and for its agencies or subdivisions, hereby waives sovereign immunity for liability for torts, but only to the extent specified in this act. Actions at law against the state or any of its agencies or subdivisions to recover damages in tort for money damages against the state or its agencies or subdivisions for injury or loss of property, personal injury, or death caused by the negligent or wrongful act or omission of any employee of the agency or subdivision while acting within the scope of his office or employment under circumstances in which the state or such agency or subdivision, if a private person, would be liable to the claimant in accordance with the general laws of this state, may be prosecuted subject to the limitations specified in this act.
§ 768.28(1), Fla. Stat. (1975).
However, we do not think a suit for declaratory relief to construe an easement granted to the state or a suit for rescission, had fraud been properly pleaded, is barred by the doctrine of sovereign immunity, despite the fact that the express waiver in section 768.28(1) does not specifically mention these causes of action.[15] This suit is analogous to inverse condemnation suits, for which there is also no express waiver.[16] It would be anomalous to hold that the state could deprive a citizen of his property by wrongfully damaging or taking it without allowing the citizen resort to the courts for relief when that right was available before the waiver of sovereign immunity. Further, we have held that a landowner may properly seek a judicial determination of whether an easement held by a state agency over his land has been abandoned. Canal Authority of State of Florida v. Mainer, 440 So.2d 1304 (Fla. 5th DCA 1983).
In Mainer, we held that express easements given by deed to a condemning authority which were conditioned upon the life of a condemning authority's project, expired by their own terms when the project was abandoned.[17] In a proper case, *925 a party may obtain a declaratory judgment interpreting such a result if there is a substantial question regarding the parties' rights. Ch. 86, Fla. Stat. (1983).
In this case, the express grants of the easements are unclear as to whether they are conditional[18] upon the completion and carrying out of the 1962 flood control project or portions thereof, or whether they are independent and perpetual.[19] The recorded agreement, which apparently created these easements, states the parties intend to convey "a perpetual floodway easement over and upon and into the" appellants' described real property. Yet they also provide that the easements will:
allow the flowage of waters from Jane Green Reservoir in Osceola County [across appellants' lands] ... into Lake Washington Reservoir... .
(b) To preserve and keep said lands in their natural condition for flowage of water by prevention of such filling, diking, or construction on said land ... as unduly ... impedes the flow of water... .
Based on this record, we cannot ascertain whether the floodway easements were dependent upon construction and use of the described reservoirs and floodways. The record fails to disclose whether the easements are being used, in part or in whole, and whether they serve any perpetual easement purpose, absent construction of the 1962 project as planned. The answers to these questions will require additional ascertainment of facts by the trial court including interpreting the grant and the recorded agreement, and taking testimony concerning the intent of the parties. 30 C.J.S. Eminent Domain § 460 (1965); Annot., 154 A.L.R. 5 (1945).
Accordingly, we affirm the trial court judgment in part and reverse in part, and remand for further proceedings not inconsistent herewith.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
ORFINGER, FRANK D. UPCHURCH, Jr., and SHARP, JJ., concur.
NOTES
[1] Carlor Co. v. City of Miami, 62 So.2d 897 (Fla.), cert. denied, 346 U.S. 821, 74 S.Ct. 37, 98 L.Ed. 347 (1953); Canal Auth. of State of Florida v. Mainer, 440 So.2d 1304 (Fla. 5th DCA 1983), aff'd, 467 So.2d 989 (Fla. 1985); Canal Auth. of State of Florida v. Harbond, Inc., 433 So.2d 1345 (Fla. 5th DCA 1983).
[2] Shepard v. Wyse, 374 So.2d 1173 (Fla. 1st DCA 1979); Martin v. Paskow, 339 So.2d 266 (Fla. 3rd DCA 1976), cert. denied, 348 So.2d 951 (Fla. 1977); Thomas v. Rollins, 298 So.2d 186, (Fla. 1st DCA 1974); 23 Am.Jur.2d Deeds § 196 (1983).
[3] Hinzelin v. Bailly, 155 Fla. 837, 22 So.2d 43 (1945); 27 Fla.Jur.2d Fraud and Deceit § 90 (1981); 19 Fla.Jur.2d Deeds § 54 (1980).
[4] See Cook v. Adams, 89 So.2d 6 (Fla. 1956).
[5] Nearhos v. City of Mobile, 257 Ala. 161, 57 So.2d 819 (1952); Steak House, Inc. v. Barnett, 65 So.2d 736 (Fla. 1953); Street v. Sugerman, 307 So.2d 883 (Fla. 3rd DCA 1974), cert. denied, 315 So.2d 196 (Fla. 1975); State v. Keeton Packing Company, 487 S.W.2d 775 (Tex.Civ.App. 1972); Townsend v. The Hous. Auth. of City of Dallas, 277 S.W.2d 211 (Tex.Civ.App. 1954); 27 Fla. Jur.2d Fraud and Deceit, supra at § 91; 9 Fla. Jur.2d Cancellation, Reformation and Rescission of Instruments § 20 (1979); Annot. 35 A.L.R.3rd 1369 (1971).
[6] 19 Fla.Jur.2d Deeds, supra at §§ 53 & 54.
[7] See J.C. Vereen & Sons, Inc. v. City of Miami, 397 So.2d 979 (Fla. DCA 3d 1981).
[8] Mainer; 3 Nichols, Eminent Domain §§ 9.34, 9.36 (Sackman rev. 3rd ed. 1981); 11 McQuillan, Municipal Corporations § 32.11 (Flanagan rev. 3rd ed. 1983); 30 C.J.S. Eminent Domain § 460 (1965). Because the trial court did not rule on the plaintiff's motion to amend the complaint, we do not address its sufficiency in this regard.
[9] See Florida Power Corporation v. McNeely, 125 So.2d 311 (Fla. 2d DCA 1960), cert. denied, 138 So.2d 341 (Fla. 1961); R. Powell, The Law of Real Property, ¶ 405 (Rohan rev.ed. 1984); Restatement of Property § 450 comment b (1944); cf. 2 R. Boyer, Florida Real Estate Transactions, § 29.02 (1984); 20 Fla.Jur.2d Ejectment and Related Remedies § 18 (1980).
[10] J.C. Vereen & Sons, Inc. v. Houser, 123 Fla. 641, 167 So. 45 (1936); 20 Fla.Jur.2d Easements § 1 (1980).
[11] for products liability and fraud under § 95.11(3) must be begun within the period prescribed in this chapter, with the period running from the time the facts giving rise to the cause of action were discovered or should have been discovered with the exercise of due diligence... .
[12] Creviston v. General Motors Corp., 225 So.2d 331 (Fla. 1969); Lee v. Patten, 34 Fla. 149, 15 So. 775 (1894); Senfeld v. Bank of Nova Scotia Trust Co. (Cayman), Ltd., 450 So.2d 1157 (Fla. 3rd DCA 1984); Lund v. Cook, 354 So.2d 940 (Fla. 1st DCA), cert. denied, 360 So.2d 1247 (Fla. 1978); State ex rel. Div. of Admin. v. Oliff, 350 So.2d 484 (Fla. 1st DCA 1977); 35 Fla.Jur.2d, Limitations and Laches § 39 (1982). This is analogous to the tolling of the statute of limitations for insanity.
[13] Facts constituting concealment established by an affidavit filed in opposition to the summary judgment.
[14] Although section 95.031(2), Florida Statutes (1983) provides a complete bar to a fraud action filed twelve years after the misrepresentations were made without regard to their accrual, the application of this portion applied to fraud discovered after twelve years, constitutes an unconstitutional bar of access to the courts. See Diamond v. E.R. Squibb & Sons, Inc., 397 So.2d 671 (Fla. 1981); Battilla v. Allis Chalmers Mfg. Co., 392 So.2d 874 (Fla. 1980); Overland Constr. Co., Inc. v. Sirmons, 369 So.2d 572 (Fla. 1979).
[15] See Pan American Tobacco Corp. v. Dep't. of Corrections, 9 F.L.W. 73 (Fla. March 1, 1984) Manatee County v. Town of Longboat Key, 365 So.2d 143 (Fla. 1978).
[16] See State Road Dep't. of Florida v. Tharp, 146 Fla. 745, 1 So.2d 868 (1941); State Road Dep't. v. Harvey, 142 So.2d 773 (Fla. 2d DCA 1962).
[17] See R. Boyer, Florida Real Estate Transactions § 23.07 (1984 ed.); Nichols, supra § 9.36; 2 G. Thompson Commentaries on the Modern Law of Real Property § 440 at 714, 757 (Grimes, rev.ed. 1980).
[18] See Dotson v. Wolfe, 391 So.2d 757 (Fla. 5th DCA 1980).
[19] See Nichols, supra § 9.35.