Bettie W. WOOD, Susan F. Wood, and
Jonathan H. Wood, Jr., Plaintiffs,

v.

ELI LILLY CO., etc., et al.,
Defendants.

No. 89–6255–CIV.

United States District Court,
S.D. Florida.

Sept. 20, 1989.

Dianne Weaver, Ft. Lauderdale, Fla., for
plaintiffs.

Hugh J. Turner, Jr., Miami, Fla., for
defendant, Eli Lilly Co.

Wm. Lawton, Orlando, Fla., for defendant Abbott Labs.

Barry C. Davis, Miami, Fla., for defendant Merck Sharp & Dohme.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

SPELLMAN, District Judge.

THIS CAUSE comes before the Court upon Plaintiffs', BETTIE W. WOOD, SUSAN F. WOOD, and JONATHAN H. WOOD, JR., Motion to Stay Proceedings and Request for a Hearing thereon; Defendant's, THE UPJOHN COMPANY, Motion to Dismiss, and Defendants', E.R. SQUIBB & SONS, INC., ABBOTT LABORATORIES, ELI LILLY AND COMPANY, and MERCK SHARP & DOHME ORTHOPEDIC CO., joinder therein; Defendant's, ORTHO PHARMACEUTICAL CORPORATION, Motion to Dismiss, and ABBOTT LABORATORIES joinder therein; Defendant's, SANDOZ, INC., Supplemental Motion to Dismiss, and ABBOTT LABORATORIES joinder therein; and upon Defendant's, MERCK SHARP & DOHME ORTHOPEDIC COMPANY, Motion to Dismiss and/or For Judgment on the Pleadings.

For the reasons set forth below, this Court dismisses the above-styled cause.

## FACTS

Plaintiffs, BETTIE W. WOOD, SUSAN F. WOOD, and JONATHAN H. WOOD, JR., initiated the above-styled cause in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida. It was subsequently removed to federal court on the basis of diversity of citizenship.

Plaintiffs instituted this cause against Defendants, ELI LILLY CO., etc., et al., 11 pharmaceutical companies, for injuries caused by their mother's alleged ingestion of the drug diethylstilbestrol (hereinafter referred to as "DES")[1] to prevent a miscarriage during her pregnancies with Plaintiffs.[2] Defendants allegedly comprise a substantial share of the drug companies which, at any time between 1941 and 1971, manufactured, marketed, promoted, or sold DES in the United States.

Plaintiffs have allegedly sustained the following injuries: BETTIE W. WOOD has been diagnosed with reoccurrence of clear adenocarcinoma; SUSAN F. WOOD has sustained chronic vaginal adenosis, a pre-cancerous condition; and JONATHAN H. WOOD, JR. has undergone treatment for testicular embryonal carcinoma.[3]

Plaintiffs seek compensatory damages against all Defendants in all twelve counts of their Complaint, asserting claims for "enterprise and/or industry-wide liability" (Count I), "concerted action" (Count II), "market share liability" (Count III), "alternative liability" (Count IV), "negligence" (Count V), "strict liability in tort" (Count VI), "lack of consent" (Count VII), "breach of express warrantability" (Count VIII), "breach of implied warranty" (Count IX), "fraud" (Count X), "violation of federal law—negligence per se" (Count XI), and "conspiracy" (Count XII).

## DISCUSSION

Defendants have premised their motions to dismiss on both procedural and substantive grounds. As to the substantive grounds for dismissal, Plaintiffs seek a stay of these proceedings pending the decision of the Supreme Court of Florida in the matter styled *Conley v. Boyle Drug Co.*, 477 So.2d 600 (Fla. 4th DCA 1985). Of the procedural and substantive grounds for dismissal, this Court shall limit its discussion to the following questions:

1. Whether Plaintiffs' claims are barred by the Florida statute of repose; and

2. Whether Plaintiffs state a cause of action against Defendants for marketing defective DES where Plaintiffs admittedly cannot establish that a particular defendant was responsible for their injuries.

### I

Florida's statute of repose, section 95.031(2), Fla.Stat. (1985), provides in pertinent part:

> Actions for products liability ... under s. 95.11(3) must be begun within the period prescribed in this chapter, with the period running from the time the facts giving rise to the cause of action were discovered or should have been discovered with the exercise of due diligence, instead of running from any date prescribed elsewhere in s. 95.11(3), but in any event within 12 years after the date of delivery of the completed product to its original purchaser ... regardless of the date of the defect in the product ... was or should have been discovered.

Florida's statute of repose, section 95.031(2), precludes a cause of action based upon products liability if brought more than twelve years after the product was sold, regardless of when the cause of action actually accrues. *Bauld v. J.A. Jones*

---

1. DES is a synthetic compound of the female hormone estrogen.

2. Plaintiffs' mother, Betty Dorscheid Wood, allegedly ingested the drug between April and December, 1956; February and November, 1958; and July, 1961 and March, 1962.

3. It is alleged that in October, 1985, Plaintiff Bettie W. Wood first learned that DES was the cause of her injuries; that Susan F. Wood learned this in December, 1985; and that Johnathan H. Wood learned the same in December, 1987.

*Constr. Co.,* 357 So.2d 401 (Fla.1978). Statutes of repose are fundamentally different from traditional statutes of limitations. "Rather than establishing a time limit within which action must be brought, measured from the time of accrual of the cause of action, [the provisions of the statute] cut off the right of action after a specified time measured from the delivery of a product...." *Bauld,* 357 So.2d at 402.

The purpose of a statute of repose is to legislatively limit the exposure of a manufacturer for liability arising out of the manufacturing of a product. "The legislature, in enacting this statute of repose, reasonably decided that perpetual liability places an undue burden on manufacturers, and it decided that twelve years from the date of sale is a reasonable time for exposure to liability for manufacturing of a product." *Pullum v. Cincinnati, Inc.,* 476 So.2d 657, 659 (Fla.), *reh'g denied,* (1985), *appeal dismissed,* 475 U.S. 1114, 106 S.Ct. 1626, 90 L.Ed.2d 174 (1986).

Section 95.031(2) became effective in 1975 and has since been held to apply to products placed in the market before its effective date. *Pullum,* 476 So.2d 657 (statute applied to a press brake which reached its first purchaser in November 1966). Hence, section 95.031(2) applies to the instant action despite the fact that the product in question, DES, was placed in the "stream of commerce" prior to the statute's effective date of enactment.

The Florida Legislature amended section 95.031(2) in 1986, so as to repeal the statute of repose in products liability actions. 1986 Fla. Laws 272. The amendment became effective as of July 1, 1986. However, the Supreme Court of Florida has held that the amendment is not retroactive in effect. *Melendez v. Dreis & Krump Mfg. Co.,* 515 So.2d 735 (Fla.1987). Hence, section 95.031(2) remains in effect with regard to this action.

To fully understand the statute of repose, and its application to the instant proceedings, one must examine the somewhat tortuous history of the statute. In the case of *Battilla v. Allis Chalmers Mfg. Co.,* 392 So.2d 874 (Fla.1980), *reh'g. denied,* (1981), the Supreme Court of Florida concluded that the statute of repose, if applied to bar a cause of action before the cause of action accrued, would be an unconstitutional denial of access to the courts in violation of article I, section 21, of the Florida Constitution.[4]

Consistent with *Battilla,* the Supreme Court of Florida held in *Diamond v. E.R. Squibb and Sons, Inc.,* 397 So.2d 671 (Fla. 1981), that the statute, if applied to bar a cause of action based on the sale of DES over 12 years before the cause of action accrued, would deny plaintiff access to the courts in violation of article I, section 21, of the Florida Constitution.

Receding from this line of precedent, however, the Supreme Court of Florida in *Pullum,* 476 So.2d 657, overruled *Battilla* and held that section 95.031(2) should be uniformly applied even though, as thus applied, it might bar a cause of action before the cause of action accrues. With regard to *Battilla,* the Court stated that "... we recede from this decision and hold that section 95.031(2) is not unconstitutionally violative of article I, section 21 of the Florida Constitution." *Id.* at 659.

The *Pullum* Court, however, inserted a brief caveat in a footnote to the opinion, which restricted the Court's holding:

*Pullum* also refers to *Diamond v. E.R. Squibb and Sons, Inc.,* ... as being in accord with *Battilla.* In *Diamond,* we held that the operation of section 95.-031(2) operated to bar a cause of action before it accrued and thereby denied the aggrieved plaintiff access to the courts. But *Diamond* presents an entirely different factual context than existed in either *Battilla* or the present case where the product first inflicted injury many years after its sale. In *Diamond,* the defective product, a drug known as diethylstilbestrol produced by Squibb, was

**4.** Article I, section 21, of the Florida Constitution, provides: "The courts shall be open to every person for redress of any injury, and justice shall be administered without sale, denial, or delay."

ingested during plaintiff mother's pregnancy shortly after purchase of the drug between 1955–56. The drug's effects, however, did not become manifest until after plaintiff's daughter reached puberty. Under these circumstances, if the statute applied, plaintiffs' claim would have been barred even though the injury caused by the product did not become evident until over twelve years after the product had been ingested. The legislature, no doubt, did not contemplate the application of this statute to the facts in *Diamond.* Were it applicable, there certainly would have been a denial of access to the courts.

*Id.*

Based upon the facts before it, the *Pullum* Court was not required to squarely address whether the statute of repose may preclude a cause of action before it ever accrues. *Pullum* involved a press brake that was delivered to its first purchaser in 1966, prior to the enactment of the Statute of Repose. The plaintiff's injury occurred in 1977, some 19 or 20 months prior to the end of the 12–year period. For this reason, the *Pullum* Court had no need to deal with the problem presented by the facts of *Diamond,* in which a strict application of the statute would have cut-off a cause of action before injury to the plaintiff occurred.

In *Melendez v. Dreis & Krump Mfg. Co.,* 515 So.2d 735, the Supreme Court of Florida held that its decision in *Pullum* applied retroactively so as to bar a claim where the injury occurred, and hence, the cause of action accrued, more than 12 years from the date of the products sale. In *Melendez,* plaintiff instituted a products liability action against the manufacturer of a press brake for an injury which occurred in 1982, but where the product was delivered to the original purchaser in 1963.

However, *Melendez* did not overrule *Diamond sub silentio.* *Melendez* merely resolved the issue of whether *Pullum* applied retroactively. Thus, absent a specific statement to the contrary, *Melendez* did not alter *Pullum* in any manner, and the opinion rendered in *Diamond* remains the

law in Florida for cases involving DES claims.

In accord with *Diamond,* section 95.-031(2) violates the Florida Constitution's guarantee of access to the courts under the facts of this case because Plaintiffs' right of action under the statute would have been barred before it ever existed.

## II

■ Presently pending before the Supreme Court of Florida is the case of *Conley v. Boyle Drug Co.,* 477 So.2d 600, also a DES case, in which the Fourth District Court of Appeal certified the following question as being of great public concern:

DOES FLORIDA RECOGNIZE A CAUSE OF ACTION AGAINST A DEFENDANT FOR MARKETING DEFECTIVE DES WHEN THE PLAINTIFF ADMITTED HE CANNOT ESTABLISH THAT A PARTICULAR DEFENDANT WAS RESPONSIBLE FOR THE INJURY?

*Conley* was dismissed by the trial court because the plaintiff was unable to identify the specific manufacturer of the DES ingested by her mother which caused plaintiff's injuries. The Fourth District Court of Appeal affirmed the decision on the basis that under the traditional tort law long recognized in Florida, failure to allege legal causation by identifying the specific tortfeasor precludes recovery.

The Defendants named in *Conley,* and the issue of liability raised therein are identical to those in the instant case, such that the Supreme Court of Florida's ruling will determine whether Plaintiffs have a viable cause of action where they are admittedly unable to identify the alleged tortfeasor responsible for their injuries. Accordingly, Plaintiffs have moved to stay these proceedings pending the Supreme Court of Florida's decision in *Conley.*

While the Court heard arguments in *Conley* in October of 1986, it has yet to render a decision, nor is there any indication that it will render a decision in the near future. Therefore, although the duration of the stay requested by Plaintiffs would be circumscribed by reference to the

pendency of the appeal in *Conley,* it would be of indeterminate duration nonetheless.

This Court has given careful consideration to the hardships which Plaintiffs will endure if its Motion to Stay is denied. In particular, if the Motion is denied and the action is dismissed, Plaintiffs will be precluded from bringing this action until such time the Supreme Court of Florida renders its decision in *Conley.* Should the Court not render a decision until after the applicable statute of limitations (October, 1989) has expired, Plaintiffs could be forever barred from bringing this action.

If this Court dismisses the Amended Complaint, Plaintiffs could still effect a stay in this cause by taking an appeal. If during the pendency of such appeal the Supreme Court of Florida were to decide *Conley* and adopt a novel theory of liability in DES cases, the Eleventh Circuit Court of Appeals could remand this cause for further proceedings in accordance with *Conley.*

Upon weighing the equities and competing interests, and in an effort to maintain an even balance, it is incumbent on this Court to deny Plaintiffs' Motion to Stay. Accordingly, this Court will proceed with addressing the substantive basis for Defendants' motions to dismiss.

■ Plaintiffs' First Amended Complaint fails to state a claim upon which relief can be granted in that the Amended Complaint does not identify the manufacturer of the product which allegedly injured Plaintiffs. In the specific context of DES litigation, courts applying Florida law have considered and rejected four of the theories of liability set forth in the Amended Complaint.[5] *Conley,* 477 So.2d 600; *Morton v. Abbott Laboratories,* 538 F.Supp. 593 (M.D.Fla.1982). In the context of asbestos litigation, the Supreme Court of Florida considered and refused to apply the market share theory of liability that was adopted by the California Supreme Court in *Sindell v. Abbott Laboratories,* 26 Cal.3d 588, 163 Cal.Rptr. 132, 607 P.2d 924 *cert. denied,*

449 U.S. 912, 101 S.Ct. 285, 66 L.Ed.2d 140 (1980). *Celotex Corp. v. Copeland,* 471 So.2d 533 (Fla.1985).

At paragraphs 5 and 6 of the Amended Complaint, Plaintiffs state that they are "unable to identify the specific manufacturer of the DES ingested by their mother...." By failing to identify the alleged tortfeasor, the First Amended Complaint fails to allege an element of causation as required by the tort law of Florida. *Conley,* 477 So.2d 600; *Celotex Corp.,* 471 So.2d 533. Under the common law of Florida, the mere possibility that a defendant's conduct raised harm is an insufficient causal connection on which to predicate liability. *Gooding v. University Hosp. Bldg.,* 445 So.2d 1015, 1018 (Fla.1984).

This Court is bound to follow the case law set forth by Florida courts, and has no authority to approve a theory of liability which does not require Plaintiffs to pinpoint the specific defendant that caused their injuries. Accordingly, this Court must dismiss Plaintiffs' Amended Complaint for failure to state a claim upon which relief can be granted.

Although this Court is compelled to dismiss Plaintiffs' cause of action, it is the opinion of this Court that the inability of innocent children to redress grievous injuries which they allegedly suffered because of their mother's ingestion of DES is matter which the Supreme Court of Florida needs to address. In addition, while this Court is not empowered to certify questions concerning such matters to the Supreme Court of Florida, the Eleventh Circuit Court of Appeals has such power pursuant to Rule 9.150, Fla.R.App.P.

Accordingly, this Court recommends that Plaintiffs seek appellate review of this Order. In the event that a decision by the Florida Supreme Court in *Conley* is not forthcoming, the Eleventh Circuit Court of Appeals would still be empowered to certify the same question presented in *Conley* to the Supreme Court of Florida.

---

**5.** These four theories are alternative liability, concerted action, enterprise and/or industry- wide liability, and market share liability.

Based upon the foregoing, it is hereby ORDERED AND ADJUDGED:

1. Plaintiffs' Motion to Stay Proceedings is DENIED;

2. Plaintiffs' Amended Complaint is DISMISSED WITHOUT PREJUDICE; and

3. Defendant's, UpJohn Company, Request for Oral Argument is MOOT.

DONE AND ORDERED.