FRANK, Acting Chief Judge.
The Times Publishing Company sued W.R. Grace & Co. as the result of a substance containing asbestos which was sold by W.R. Grace to a contractor who affixed it to structural aspects of a building Times Publishing constructed in 1969. After learning of the presence of the asbestos, Times Publishing commenced the instant action in 1985. W.R. Grace was successful in procuring a summary judgment from the trial court based upon section 95.031(2), Florida Statutes (1983), the products liability statute of repose.
There is no dispute that Times Publishing commenced its action some 16 years after the asbestos-containing material was sprayed upon the building’s superstructure. Thus, the 12 year statute of repose forecloses the product liability claim. Times Publishing, however, recognizing the effect of section 95.031(2) urges that we adopt and follow the exception expressed in Diamond v. E.R. Squibb & Sons, Inc., 397 So.2d 671 (Fla.1981). We decline the invitation to extend Diamond beyond its factual boundaries.
In Diamond our supreme court reversed the district court’s affirmance of a summary judgment favoring Squibb in a products liability action initiated after expiration of the statutory 12 year period. There, a child and her parents sued Squibb, the manufacturer of a drug known as Stilbetin. The child’s mother had been administered the drug during her pregnancy. Subsequently, it was found that the drug caused cancer in female children that could not be detected until the child reached puberty, a time when the claim would be in repose. Squibb obtained a summary judgment based upon section 95.031(2). The supreme court quashed the district court’s affirmance of the summary judgment concluding that the repose statute barred the cause of action before it ever accrued thereby denying access to a judicial forum in violation of rights guaranteed under Article I, Section 21, of the Florida Constitution.
The critical element in Diamond, distinguishing it from the present matter, was the fact that the injurious effect of Squibb’s product would not have been manifested in the child until many years following its ingestion by the mother. Indeed, there was no medical technique or means by which the mother or the child could have become aware- of the jeopardy occasioned by the drug within the period preceding repose. Here, however, it cannot be said that Times Publishing could not have discovered the presence of asbestos in its premises prior to the expiration of 12 years.
Finally, notwithstanding the excellent manner in which Times Publishing has presented its contentions to us, we are unwilling to expand the narrow Diamond exception to include the Times Publishing claim against W.R. Grace. The result we express is wholly consistent with that reached by this court in American Liberty Ins. Co. v. West and Conyers, 491 So.2d 573 (Fla. 2d DCA 1986).
Affirmed.
PARKER and ALTENBERND, JJ., concur.