689 So.2d 1059 (1997)
Alfred DAMIANO, etc., et al., Petitioners,
v.
Grover McDANIEL, M.D., et al., Respondents.
No. 87831.
Supreme Court of Florida.
March 13, 1997.
Richard A. Sherman and Rosemary B. Wilder of Richard A. Sherman, P.A., Fort Lauderdale, and Wilton L. Strickland of Strickland & Seidule, P.A., Fort Lauderdale, for Petitioners.
Shelley H. Leinicke of Wicker, Smith, Tutan, O'Hara, McCoy, Graham, Lane & Ford, P.A., Fort Lauderdale, for Respondents.
Philip M. Burlington of Caruso, Burlington, Bohn & Compiani, P.A., West Palm Beach, for amicus curiae The Academy of Florida Trial Lawyers.
GRIMES, Justice.
We review Damiano v. McDaniel, 670 So.2d 1198, 1199 (Fla. 4th DCA 1996), which certified to this Court the following question:
IS THE MEDICAL MALPRACTICE STATUTE OF REPOSE UNCONSTITUTIONALLY APPLIED, AS A VIOLATION OF ARTICLE I, SECTION 21 OF THE FLORIDA CONSTITUTION, IN BARRING AN ACTION FOR MEDICAL MALPRACTICE WHERE THE INJURY, RESULTING IN AIDS, DOES NOT MANIFEST ITSELF WITHIN THE STATUTORY FOUR YEAR TERM *1060 FROM THE DATE OF THE INCIDENT RESULTING IN THE SUBSEQUENT INFECTION?
We have jurisdiction under article V, section 3(b)(4) of the Florida Constitution.
Francine Damiano received an HIV-infected blood transfusion in June of 1986. She tested positive for HIV in April of 1990. By that time, she had infected her husband. The Damianos filed suit in 1992 against Ms. Damiano's physician, Dr. McDaniel, and the blood center which had supplied the blood for her transfusion. The complaint alleged that Dr. McDaniel had negligently ordered blood transfusions for Ms. Damiano when she was not in a life-threatening situation even though he knew of the risk of HIV contamination of donated blood. The trial court entered summary judgment in favor of Dr. McDaniel on the ground that the suit was barred by the statute of repose for medical malpractice. § 95.11(4)(b), Fla.Stat. (1989).[1] The Fourth District Court of Appeal affirmed the summary judgment but certified the foregoing question to this Court. We find that the certified question has been resolved adversely to the Damianos by this Court's prior decisions.[2]
In Carr v. Broward County, 541 So.2d 92 (Fla.1989), we explained that section 95.11(4)(b) "prescribes (1) a statute of limitations of two years; (2) a statute of repose of four years absent fraud or intentional misconduct; and (3) a statute of repose of seven years where there is an allegation that fraud, concealment, or intentional misrepresentation of fact prevented discovery of the negligent conduct." Id. at 94. We also pointed out that the running of the statute of repose begins with the incident of malpractice. We then upheld the statute of repose against a claim that the statute unconstitutionally denied access to the courts, reasoning that the legislature had properly found an overpowering public necessity for the enactment of the statute, consistent with the principles of Kluger v. White, 281 So.2d 1, 4 (Fla.1973). Subsequently, in University of Miami v. Bogorff, 583 So.2d 1000, 1004 (Fla.1991), we held that the statute of repose may be constitutionally applied to bar claims even when the cause of action does not accrue until after the period of repose has expired.
The Damianos contend that the statute of repose did not begin to run until they were put on notice that an injury had occurred. We dispelled a similar argument in Kush v. Lloyd, 616 So.2d 415 (Fla.1992). In Kush, we addressed the application of the statute of repose to a wrongful birth malpractice action alleging negligent failure to diagnose an inheritable genetic impairment. After their first son was born with deformities, the plaintiffs underwent genetic testing but were never informed that the mother had a genetic abnormality. The suit was filed following the birth of their second genetically impaired *1061 son, seven years after the alleged malpractice incident. While recognizing that the cause of action for purposes of the statute of limitations did not accrue until the birth of the second son, id. at 421, we held that the suit was nevertheless barred by the statute of repose. We explained the rationale for what otherwise might appear to be a harsh result:
[T]he medical malpractice statute of repose represents a legislative determination that there must be an outer limit beyond which medical malpractice suits may not be instituted. In creating a statute of repose which was longer than the two-year statute of limitation, the legislature attempted to balance the rights of injured persons against the exposure of health care providers to liability for endless periods of time. Once we determined that the statute was constitutional, our review of its merits was complete. This Court is not authorized to second-guess the legislature's judgment.
Id. at 421-22. Accord Harriman v. Nemeth, 616 So.2d 433 (Fla.1993).[3] The same result inheres in the instant case. While the Damianos' cause of action for purposes of the statute of limitations would not have accrued until they learned that Ms. Damiano was HIV-positive, their suit was nevertheless barred by operation of the statute of repose, which began to run with the alleged incident of malpractice.
We answer the certified question in the negative and approve the decision below.[4]
It is so ordered.
OVERTON, HARDING, WELLS and ANSTEAD, JJ., concur.
KOGAN, C.J., and SHAW, J., dissent.
NOTES
[1] Section 95.11(4)(b), Florida Statutes (1989), states in relevant part:

An action for medical malpractice shall be commenced within 2 years from the time the incident giving rise to the action occurred or within 2 years from the time the incident is discovered, or should have been discovered with the exercise of due diligence; however, in no event shall the action be commenced later than 4 years from the date of the incident or occurrence out of which the cause of action accrued.... In those actions covered by this paragraph in which it can be shown that fraud, concealment, or intentional misrepresentation of fact prevented the discovery of the injury within the 4-year period, the period of limitations is extended forward 2 years from the time that the injury is discovered or should have been discovered with the exercise of due diligence, but in no event to exceed 7 years from the date the incident giving rise to the injury occurred.
(Emphasis added.) The validity of the claim against the blood center is not before us. See Silva v. Southwest Florida Blood Bank, 601 So.2d 1184 (Fla.1992) (section 95.11(4)(b), Florida Statutes (1991), inapplicable to claim against blood bank for delivery of tainted blood).
[2] While this Court has not had occasion to apply the statute of repose to a malpractice case involving HIV/AIDS, the district courts of appeal have done so on several occasions. In each instance, these courts have held that the receipt of the tainted blood triggers the running of the four-year statute of repose regardless of when the victim gains knowledge of the infection. Dampf v. Furst, 624 So.2d 368 (Fla. 3d DCA 1993), review denied, 634 So.2d 623 (Fla.1994); Padgett v. Shands Teaching Hosp. & Clinics, Inc., 616 So.2d 467 (Fla. 1st DCA 1993); Doe v. Shands Teaching Hosp. & Clinics, Inc., 614 So.2d 1170 (Fla. 1st DCA 1993); Whigham v. Shands Teaching Hosp. & Clinics, Inc., 613 So.2d 110 (Fla. 1st DCA 1993).
[3] Our strict adherence in Kush to the outer time limits set by the statute of repose was one of the stated reasons in Tanner v. Hartog, 618 So.2d 177, 182 (Fla.1993), for receding from a strict interpretation of when the statute of limitations begins to run.
[4] We reject the Damianos' reliance on Diamond v. E.R. Squibb & Sons, Inc., 397 So.2d 671 (Fla. 1981). That case was decided years before our decisions in Carr v. Broward County, 541 So.2d 92 (Fla.1989), University of Miami v. Bogorff, 583 So.2d 1000 (Fla.1991), Kush v. Lloyd, 616 So.2d 415 (Fla.1992), and Harriman v. Nemeth, 616 So.2d 433 (Fla.1993). Moreover, Diamond was a products liability action involving an entirely different statute of repose.