930 So.2d 704 (2006)
John KISH and Elizabeth Kish, Appellants,
v.
A.W. CHESTERTON COMPANY, et. al., Appellees.
No. 3D05-1538.
District Court of Appeal of Florida, Third District.
April 26, 2006.
Rehearing Denied June 27, 2006.
*705 Reyes & O'Shea and Angel M. Reyes and Daniel F. O'Shea, Miami, for appellant.
Carlton Fields and Alina Alonso and Jeffrey A. Cohen, Miami; Martin Unger, Orlando; Steptoe & Johnson and Stephen A. Fennell and Jeffrey E. McFadden, Washington, D.C., for appellee Metropolitan Life Insurance Company.
Before WELLS, CORTIAS, and ROTHENBERG, JJ.
WELLS, Judge.
John and Elizabeth Kish appeal from a final summary judgment, wherein the trial court ruled in favor of Metropolitan Life Insurance Company "on the basis of the statute of repose for fraud claims as described in ß 95.031, Fla. Stat." We affirm.
In August 2004, the Kishes filed a five-count complaint against twenty-one entities, alleging negligence, strict liability, breach of warranty, civil conspiracy to commit fraud, and intentional infliction of emotional distress relating to injuries Mr. Kish allegedly sustained from asbestos exposure. The Kishes sought to hold Metropolitan Life (the only non manufacturer, distributor, or supplier named in the suit) liable for Mr. Kish's injuries because during the 1930's and 1940's, Metropolitan Life allegedly agreed, at the request of a number of its co-conspirator group policy holders, not to "fully share with the public" the results of industrial hygiene surveys and studies it had performed.
The court below ruled that section 95.031(2)(a), the fraud statute of repose,[1] barred the Kishes' fraud claims.[2] The Kishes contend that the trial court's failure to apply a delayed manifestation exception to the fraud statute of repose, similar to that made applicable to the products liability statute of repose by Diamond v. E.R. Squibb & Sons, Inc., 397 So.2d 671 (Fla. 1981), resulted in an unconstitutional denial of access to courts. See Art. I, ß 21, Fla. Const. (providing "[t]he courts shall be open to every person for redress of any injury, and justice shall be administered without sale, denial or delay").
In Diamond, the Florida Supreme Court held that the twelve year statute of repose applicable at that time in products liability actions was unconstitutional as applied to bar an action for injuries which manifested long after they occurred and long after the statute of repose had run.[3] The question here is whether the failure to *706 extend that exception to the instant fraud claim amounts to an unconstitutional denial of court access. We conclude it does not.
In Kluger v. White, 281 So.2d 1, 4 (Fla. 1973), the Florida Supreme Court set forth the following test for analyzing access to the courts claims:
where a right of access to the courts for redress for a particular injury has been provided by statutory law predating the adoption of the Declaration of Rights of the Constitution of the State of Florida, or where such right has become a part of the common law of the State pursuant to Fla.Stat. s. 2.01, F.S.A., the Legislature is without power to abolish such a right without providing a reasonable alternative to protect the rights of the people of the State to redress for injuries, unless the Legislature can show an overpowering public necessity for the abolishment of such right, and no alternative method of meeting such public necessity can be shown.
The statute of repose as applied to this case satisfies this test.
First, although the Legislature, through section 95.031(2)(a), has foreclosed the Kishes' stale fraud claim, it has provided them with a reasonable alternative remedy via the Diamond exception, now codified in sections 95.031(2)(c) and (d) of the Florida Statutes.[4] By virtue of these provisions, the Kishes concededly have valid ongoing claims against the manufacturers of the products which they maintain caused their injuries. In light of this reasonable alternative remedy, Kluger has been satisfied. See Alterman Transport Lines, Inc. v. State, 405 So.2d 456, 459 (Fla. 1st DCA 1981) ("No substitute remedy need be supplied by legislation which only reduces but does not destroy a cause of action. Jetton v. Jacksonville Electric Authority, 399 So.2d 396 (Fla. 1st DCA 1981). Nor does the elimination of one possible ground of relief require the Legislature to provide some replacement.").
Second, the public necessity that justifies cutting off a stale fraud claim which manifests before expiration of the statute of repose[5] is equally applicable to *707 the instant late manifesting claim. "Fraud" is generally defined as "(1) a knowing misrepresentation of the truth or concealment of a material fact to induce another to act to his or her detriment; and (2) a misrepresentation made recklessly without belief in its truth to induce another person to act." Nehme v. Smithkline Beecham Clinical Labs., Inc., 863 So.2d 201, 205 (Fla.2003). It is exactly this type of claim that is most susceptible to concerns of stale memories, and most deserving of the observation that a defendant "ought not to be called on to defend a claim when the evidence has been lost, memories have faded, and witnesses have disappeared." Shepard, 1998 WL 34064515 at 4; Nehme, 863 So.2d at 208-09 (recognizing that concerns over any injustice caused by precluding a valid cause of action are addressed by "a countervailing concernÄîthat is, the difficulty in defending against a lawsuit many years after the conduct at issue occurred [because]. . . [a]s time passes, memories fade, documents are destroyed or lost, and witnesses disappear").[6] As the Florida Supreme Court confirmed when rejecting a latent *708 manifestation argument involving a claim of fraudulently concealed medical negligence, "the legislature may properly take into account the difficulties of defending against a stale fraud claim in determining a reasonable period for the statute of repose." Carr v. Broward County, 541 So.2d 92, 95 (Fla.1989). These policy considerations are equally applicable to the instant claim and satisfy the Kluger public necessity test.
We also note that since 1974 when the fraud statute of repose was first enacted, the Legislature has had numerous opportunities to import a Diamond exception into it, but has not done so.[7] The Florida Supreme Court also has refused to apply the Diamond exception in other cases where injuries have manifested after the repose period expired. See Kush v. Lloyd, 616 So.2d 415, 418-419, 421 (Fla.1992) (rejecting a latent injury manifestation argument in a medical malpractice case and observing that "[s]tatutes of repose by their nature reimpose on some plaintiffs the hardship of having a claim extinguished before it is discovered, or perhaps before it even exists, and their constitutionality has been challenged on a variety of state and federal grounds. Although some of the statutes have been declared unconstitutional, the courts in most jurisdictions have upheld their statutes and the legislatures in those that have not have sometimes reenacted new repose legislation that has withstood constitutional attack.... The dissenting opinion seems to rest upon its reluctance to eliminate a cause of action before it has accrued. Yet, this is exactly what a statute of repose does."); see also Damiano v. McDaniel, 689 So.2d 1059, 1061 (Fla.1997) ("In creating a statute of repose which was longer than the two-year statute of limitation [for medical malpractice], the legislature attempted to balance the rights of injured persons against the exposure of health care providers to liability for endless periods of time. Once we determined that the statute was constitutional, our review of its merits was complete. This Court is not authorized to second-guess the legislature's judgment.").[8]
*709 As already noted, fraud claims are most susceptible to concerns of stale memories and lost evidence and witnesses. Here, where a fraudulent misrepresentation allegedly produced a physical injury through use of a product, the Kishes have a product liability claim to pursue via the Diamond exception. As to Metropolitan Life's alleged fraudulent conduct, the twelve-year period provided for redress adequately protects the Kishes' interests when balanced against Metropolitan Life's right not to be called upon to defend a claim some fifty or sixty years old.
In sum, the test set out in Kluger has been met in this case. Thus we reject the claim that application of the statute of repose resulted in an unconstitutional denial of access to the courts as to these litigants.
Accordingly, we affirm.
NOTES
[1] Section 95.031(2)(a) provides:

An action founded upon fraud under s. 95.11(3), including constructive fraud, must be begun within the period prescribed in this chapter, with the period running from the time the facts giving rise to the cause of action were discovered or should have been discovered with the exercise of due diligence, instead of running from any date prescribed elsewhere in s. 95.11(3), but in any event an action for fraud under s. 95.11(3) must be begun within 12 years after the date of the commission of the alleged fraud, regardless of the date the fraud was or should have been discovered.
[2] Although we have grave misgivings as to whether the Kishes can state a viable claim against Metropolitan Life, we nonetheless review the trial court's ruling on this point.
[3] Diamond's continued applicability to products liability actions was recently reconfirmed in Pulmosan Safety Equipment Corp. v. Barnes, 752 So.2d 556, 559 (Fla.2000).
[4] Sections 95.031(2)(c) and (d) provide:

(c) The repose period prescribed in paragraph (b)[addressing product liability claims] does not apply if the claimant was exposed to or used the product within the repose period, but an injury caused by such exposure or use did not manifest itself until after expiration of the repose period.
(d) The repose period prescribed within paragraph (b)[addressing product liability claims] is tolled for any period during which the manufacturer through its officers, directors, partners, or managing agents had actual knowledge that the product was defective in the manner alleged by the claimant and took affirmative steps to conceal the defect. Any claim of concealment under this section shall be made with specificity and must be based upon substantial factual and legal support. Maintaining the confidentiality of trade secrets does not constitute concealment under this section.
[5] Those few courts addressing Florida's fraud statute of repose have deemed it constitutional:

The complaint generally alleges in Count III that Defendant [tobacco company] intentionally concealed known information about the dangerous and addictive qualities of their product....
... On its face, section 95.031(2) clearly bars Plaintiffs' fraud claim to the extent that it is based on fraudulent conduct committed more than twelve years before the institution of this action.
* * * *
... Plaintiffs argue that the statute of repose contained in section 95.031(2) is invalid as an unconstitutional denial of access to courts .... Plaintiffs support their constitutional attack with case law holding that the statute of repose for products liability actions violates article I, section 21, of the Florida Constitution. The cases cited by Plaintiffs, however, appear to be limited to circumstances where injury caused by a defective product does not manifest itself until after the repose period, where the actual injury does not occur until after the expiration of the repose period, or where a newly enacted repose period extinguishes an already-existing cause of action. See Diamond v. E.R. Squibb & Sons, Inc., 397 So.2d 671 (Fla.1981); Overland Constr. Co. v. Sirmons, 369 So.2d 572 (Fla.1979); Vilardebo v. Keene Corp., 431 So.2d 620 (Fla. 3d DCA 1983).
The cases cited by Plaintiffs do not require a finding that section 95.031(2) is unconstitutional as applied to this case.... [T]he twelve-year repose period for fraud actions was enacted in 1974 ... [and] was amended in 1986 with the statute of repose as to fraud specifically being retained. See Ch. 86-272, ß 2, Laws of Fla.... [R]ecent cases have upheld statutes of repose in the face of constitutional scrutiny. See Carr v. Broward County, 541 So.2d 92 (Fla.1989) (holding that seven-year statute of repose for medical malpractice is constitutional); Pullum v. Cincinnati, Inc., 476 So.2d 657 (Fla.1985) (holding that statute of repose for products liability actions does not deny access to courts under Florida Constitution); see also University of Miami v. Bogorff, 583 So.2d 1000 (Fla.1991) (holding that statute of repose may be constitutionally applied to bar claims even when cause of action does not accrue until after the period of repose has expired); see also Damiano v. McDaniel, 689 So.2d 1059, 1061 n. 4 (Fla. 1997) (rejecting reliance on Diamond because that decision was made years before recent decisions involving statutes of repose).
In further support of the constitutionality of section 95.031(2) is Armbrister v. Roland Intern. Corp., 667 F.Supp. 802, 811 (M.D.Fla.1987), holding that section 95.031(2), as applied to fraud actions, does not deny access to courts. One Florida case, Kempfer v. St. Johns River Water Management District, 475 So.2d 920, 924 n. 14 (Fla. 5th DCA 1985), states in a footnote that section 95.031(2) constitutes an unconstitutional denial of access to courts. However, that statement is dicta. See Armbrister, 667 F.Supp. at 811. Moreover, Kempfer cites to Diamond, Overton, and Battilla v. Allis Chalmers Manufacturing Co., 392 So.2d 874 (Fla.1980). Diamond and Overton are distinguishable as stated in this Order, and Battilla has been overruled by Pullum. Accordingly, the Court finds that Plaintiffs have not established that the generous twelve-year statute of repose for fraud actions in section 95.031(2) is unconstitutional. See Puchner v. Bache Halsey Stuart, Inc., 553 So.2d 216 (Fla. 3d DCA 1989) (applying section 95.031(2) to extinguish claims based on fraud that occurred outside the twelve-year statute of repose).
Shepard v. Philip Morris, Inc., 1998 WL 34064515 *3-5 (M.D.Fla. April 28, 1998).
[6] The Legislature was well aware in 1974 when the fraud statute of repose was first enacted, that such time limitations (1) "compel the exercise of a right of action within a reasonable time so that the opposing party has a fair opportunity to defend while the evidence is still fresh"; (2) "[p]rotect potential defendants from the protracted fear of litigation"; and (3) "[p]romote security and stability in human affairs by stimulating activity and punishing negligence." See Thomas E. Bevis, Florida Revision Council, Project on Statutes of Limitations: Some Policy Considerations (1972).
[7] Section 95.031(2)(a), when first enacted provided for a twelve year statute of repose for both products liability and fraud claims. See Ch. 74-382, Laws of Fla. This provision was amended in 1986 to eliminate the products liability statute of repose, but specifically retained the statute of repose for fraud. Ch. 86-272, ß 2, Laws of Fla. At that time, the Legislature declined to adopt that portion of a bill introduced in the state senate that would have eliminated the twelve year statute of repose applicable to fraud claims as well. See Fla. S. Comm. On Com., CS/SB 821 (May 26, 1986). In 1990, the Legislature reenacted the fraud statute of repose without change. Finally in 1999, the Legislature amended section 95.031 to reenact a statute of repose for products liability, but again chose not to change statute of repose for fraud. Although the Legislature exempted late manifesting injuries from the products liability of repose and additionally tolled that statute of repose where concealment was involved, it did not add similar provisions to the fraud statute of repose.
[8] See also Padgett v. Shands Teaching Hosp. and Clinics, Inc., 616 So.2d 467, 467 (Fla. 1 DCA 1993)("Appellant's action is based upon the hospital's provision of a blood transfusion which resulted in the deceased contracting acquired immune deficiency syndrome which was traced to the presence of HIV virus in that transfusion. Appellant argues that the statutory period did not run until such time as she should have known of the injury or, in the alternative, that the statute resulted in an unconstitutional denial of access to courts. Both of these arguments were rejected in Kush v. Lloyd, 616 So.2d 415 (Fla.1992). We therefore affirm the dismissal by the trial court."); Whigham v. Shands Teaching Hosp. and Clinics, Inc., 613 So.2d 110, 112 (Fla. 1st DCA 1993)(quoting 54 C.J.S. Limitations of Actions ß 4 (1987), and observing "[a] statute of repose ... limits the time within which an action may be brought and is not related to the accrual of any cause of action; the injury need not have occurred, much less have been discovered. Unlike an ordinary statute of limitations which begins running upon accrual of the claim, [the] period contained in a statute of repose begins when a specific event occurs, regardless of whether a cause of action has accrued or whether any injury has resulted.").