PER CURIAM.
Appellant, plaintiff in this medical mal-practicé action, seeks review of the following adverse summary final judgment in which the trial court found:
“1. That the Plaintiff, GEOFFREY H. HILL was a patient of the Defendant, DR. HERBERT W. VIRGIN, JR. commencing on or about March 8, 1967, in connection with an injury involving, among other conditions, a fracture of the right femur.
2. That the defendant .. . .attended the patient during the period of 1967 through 1970 and that the Plaintiff, during that period of time, was advised of a non-union situation and the development of infection within the injured area.
*919 3. That the patient . . . ceased treatment with the Defendant in late 1970 and was thereafter attended by other physicians.
4. That in December of 1972 the Plaintiff was advised by a physician to wit: Dr. Thompson, that the medical management of the infectious condition as rendered by this Defendant was not in keeping with the appropriate standard of care.
5. That the leg in question to wit: the right leg, was amputated in January of 1973 and this lawsuit was not instituted until February 27, 1975.
In view of the foregoing, it is
ORDERED AND ADJUDGED as follows:
1. That the Motion for Summary Judgment of the Defendant ... be and the same is hereby granted in that the Statute of Limitations expired, at the very latest, in January of 1975 being two (2) years after the amputation of the leg.
2. That the Statute of Limitations may have expired prior to January of 1975 predicated upon the actual knowledge of the Plaintiff of the condition of the nonunion and infection but such finding is unnecessary in view of conclusion # 1 above.

WHEREFORE, it is ordered and adjudged that Summary Judgment be and the same is hereby entered in favor of the Defendant, DR. HERBERT W. VIRGIN, JR. and the Plaintiff, GEOFFREY H. HILL shall take nothing by this action and the Defendant shall go hence without day ...”
By this appeal, we are called upon to determine whether the trial court was correct in entering summary final judgment for the defendant holding, in effect, that there is no genuine issue of material fact, and that defendant is entitled to judgment as a matter of law because the statute of limitations had run. We hold that the trial court was correct, and we affirm.
The applicable statute of limitations at the time of the filing of this lawsuit was Section 95.11(6), Florida Statutes (1973), as amended by Laws of Florida, Chapter 74-382, Section 7(4)(a), which provided that in an action for professional malpractice, the two year
“ . . . period of limitations shall run from the time the cause of action is discovered or should have been discovered with the exercise of due diligence . . ”
The meaning of this statute is clear, that it begins to run when the plaintiff knows, or by the exercise of due diligence under the circumstances, should have known of the alleged malpractice. If the plaintiff knew or had reason to know of any negligence on the part of the defendant doctor more than two years prior to February 27, 1975, the date on which his complaint was filed, this action is barred and summary judgment was proper.
From the record in this case, it appears that the plaintiff may have had notice or reason to know of the alleged malpractice prior to 1970, 1971 or 1972, and that as late as December, 1972, he was provided with information which put him on notice to make reasonable and diligent inquiry into the cause of his problem. His failure to do so is unjustified in terms of the tolling of the statute of limitations. In January, 1973, plaintiff’s leg was amputated. We find that the amputation, coupled with plaintiff’s prior knowledge and suspicions, had to commence the running of the statute of limitations no later than January, 1973, and the two year period would have expired in January, 1975, as determined by the trial court. Therefore, summary judgment was correctly entered.
Affirmed.