362 So.2d 969 (1978)
Diane S. MacMURRAY, Appellant,
v.
BOARD OF REGENTS, Appellee.
No. II-150.
District Court of Appeal of Florida, First District.
September 7, 1978.
Rehearing Denied October 24, 1978.
Russell Troutman of Troutman, Parrish & Weeks, Winter Park, for appellant.
Joe C. Willcox of Dell, Graham, Willcox, Barber, Ryals & Henderson, Gainesville, for appellee.
MELVIN, Judge.
Appellant-plaintiff appeals from a final judgment entered in her claim against appellee-defendant, Board of Regents. The appellant will hereafter be referred to as the plaintiff and the appellee will hereafter be referred to as the Shands Teaching Hospital.
Diane S. MacMurray's complaint filed May 25, 1976, alleged in substance that she was a patient in the hospital for the purpose of having x-rays and tomograms taken July 31, 1973. It was alleged that the Shands Teaching Hospital interpreted such x-rays on July 31, 1973, and tomograms on August 7, 1973, as being normal when, in fact, the same indicated the presence of an abnormal condition in the plaintiff's body. It was further alleged that as a legal cause and direct result of the negligence of the hospital in misinterpreting the positive indications *970 on the x-rays and tomographs of the existence of Hodgkin's Disease, a proper diagnosis of such disease was delay for four months and treatment for such disease was delayed for six months. It was alleged that the plaintiff experienced physical and mental pain and suffering and sustained travel and medical expenses which otherwise would not have been sustained, and that she further suffered a reduction in her ultimate chances of recovery by reason of the delay in diagnosis and treatment. After the pleadings were settled, the Shands Teaching Hospital admitted misreading Mrs. MacMurray's x-rays and tomographs, and that such action on its part constituted actionable negligence.
The only question before the trial court and the question here considered is whether or not the complaint of Diane S. MacMurray was barred by the applicable Statute of Limitations, Section 95.11(4)(b). If her action was not brought within two years after she discovered or through the use of reasonable care should have discovered the incident (negligent interpretation of x-rays) which is the subject matter of the litigation, she cannot prevail.
The final judgment contains the following:
"2. From the undisputed facts disclosed by this record, there is no genuine issue as to any of the following facts:
a. The injury complained of was the failure of physicians at Shands Teaching Hospital to diagnose Plaintiff's Hodgkins Disease which was clearly evidence from certain chest x-rays and tomograms incorrectly interpreted as normal in August 1973.
b. Following her discharge from Shands in August 1973, Plaintiff was hospitalized at Orange Memorial Hospital in Orlando, Florida, where chest x-rays then made led to a prompt diagnosis of Hodgkins Disease which was known to Plaintiff in December 1973.
c. For the purpose of having the Shands x-rays and tomograms available for comparison with the Orange Memorial x-rays with respect to a lesion in the left chest, not directly related to the discovery and diagnosis of Hodgkins Disease, Plaintiff, through her husband, who is a physician, acquired possession of the Shands x-rays and tomograms in November 1973, and she retained either continuous possession or control of them thereafter until they were returned to Shands in January 1977 during discovery proceedings in the medical mediation proceeding.
d. The Shands x-rays and tomograms made in August 1973 were the subject of a disagreement between physicians at Shands with respect to whether they revealed abnormalities; and although the radiology report then made indicated that the x-rays and tomograms were normal, they were in fact abnormal. The radiologist in charge has admitted there was an error in interpretation of those films, and the Defendant has admitted that such error constitutes actionable negligence.
e. The Shands x-rays and tomograms made in August 1973 reveal abnormalities which, if correctly interpreted, then would have led to a diagnosis of Hodgkins Disease earlier than December 1973. The abnormalities were not made specifically known to Plaintiff until the films were examined on her behalf in January 1976 by two physicians to whom the abnormalities were readily apparent.
3. The Court is of the opinion that since the injury complained of became known to Plaintiff in December 1973, although she did not then have knowledge of the negligence of the Shands physicians, she had possession and control of the Shands x-rays and tomograms from and after November 1973 which through the exercise of reasonable care provided her the means for discovery of the negligence as now alleged in the pleadings by Plaintiff and admitted by Defendant.
4. There being neither allegation made nor facts appearing which suggest fraud, concealment or intentional misrepresentation on the part of Shands physicians, and having failed to commence this action within two years after discovery of *971 the injury complained of, Plaintiff's action is barred by the applicable limitation period as provided by Section 95.11(6), Florida Statutes, 1971." (Emphasis added)
Thus, it is crystal clear that: 1) The physicians at Shands Teaching Hospital negligently interpreted x-rays and tomograms as being normal; 2) if properly interpreted, the presence of Hodgkins Disease would have been known; 3) plaintiff was hospitalized at Orange Memorial Hospital where chest x-rays led to a prompt diagnosis of the existence of Hodgkins Disease, and that such condition was known to the plaintiff in December, 1973; and 4) in November, 1973, the plaintiff, through her husband, acquired possession and control over the Shands x-rays and tomograms, and retained them from November, 1973 until January, 1977, when the same were returned to the defendant.
While it is true that the abnormalities appearing in the 1973 Shands x-rays and tomograms were not made specifically known to the plaintiff until such films were examined by her medical experts in January, 1976, she had in her possession, or under her control, the films and records whereby an earlier and timely examination would have made available the information to her, and thus enable her to present her claim against defendant well within the time prescribed.
In Nardone v. Reynolds, 333 So.2d 25, at p. 40 (Fla. 1976), the Supreme Court of Florida held that: "... Mere ignorance of the easily discoverable facts which constitute the cause of action will not postpone the operation of the statute of limitations as to the party plaintiffs... ."
The final judgment appealed from is AFFIRMED.
MILLS, Acting C.J., and ERVIN, J., concur.