429 So.2d 1209 (1983)
Megan MOORE, a Minor, BY and THROUGH Her Parents and Next Friends, Henry MOORE and Susan Moore, and Henry Moore and Susan Moore, Individually, Appellants,
v.
Chester MORRIS, M.D., Arthur Schatz, M.D., William J. Brewster, M.D. and North Shore Hospital, Appellees.
No. 81-2588.
District Court of Appeal of Florida, Third District.
January 4, 1983.
Rehearing Denied May 11, 1983.
Sams, Gerstein & Ward and Walter Ward, Miami, for appellants.
Wicker, Smith, Blomqvist, Davant, Tutan, O'Hara & McCoy and Richard A. Sherman, Joe N. Unger, Preddy, Kutner & Hardy, Miami, for appellees.
Before SCHWARTZ, C.J., and BARKDULL and JORGENSON, JJ.
BARKDULL, Judge.
Appellants, as plaintiffs, filed a medical malpractice action against the defendants seeking damages for injuries sustained by the infant child at birth. The trial judge entered summary judgment for the defendants finding that the action was barred by the statute of limitations,[1] as the parents were put on notice at the time of the birth of the infant of the alleged negligent conduct or injury.
Prior to the mother being taken to the hospital for delivery it was a normal pregnancy. After she commenced labor the husband was advised there was an emergency and the baby would be taken by Cesarean Section. After the baby was born the father was on notice that for a period in excess of thirty minutes, while the infant was "blue", the doctors had attempted to administer oxygen; that they were unsuccessful in their treatment, and received permission to transfer the infant to the emergency facility at Jackson Hospital, that one of the doctors did not expect the baby to live, another doctor told the father that he did the best he could and (apparently the *1210 baby would not live) and he, the father would have to do what he had to do.
While the child was being transported to Jackson in an emergency vehicle her chest was cut open and a tube inserted to assist her in breathing. The parents knew that it was an emergency situation, that there was a problem with the delivery, that the child had swallowed something which restricted breathing, and that the child was starved for oxygen.
With these admissions in the record, as a matter of law they were on notice from the time of the birth of the alleged negligence or of injury to the infant and therefore, the trial judge was correct in granting a summary judgment based on the statute of limitations. Nardone v. Reynolds, 333 So.2d 25 (Fla. 1976); Robinson v. Sparer, 365 So.2d 438 (Fla. 3d DCA 1978); MacMurray v. Board of Regents, 362 So.2d 969 (Fla. 1st DCA 1978); Hill v. Virgin, 359 So.2d 918 (Fla. 3d DCA 1978); McCloud v. Hall, 180 So.2d 509 (Fla. 2nd DCA 1965); Buck v. Mouradian, 100 So.2d 70 (Fla. 3d DCA 1958).
The final summary judgment under review is affirmed.
Affirmed.
SCHWARTZ, Chief Judge, (dissenting).
While it is of course true, as the majority states, that Megan's parents were immediately aware that there had been an extremely difficult delivery, I think that this fact is essentially irrelevant. This is because there is surely a genuine issue  indeed, the evidence is overwhelming to this effect  that neither the Moores nor any of the medical professionals knew or could have known that the baby had sustained any significant injury, and specifically permanent brain damage, until it was scientifically ascertained shortly before suit was filed. I very strongly dissent from the conclusion, inherent in the summary judgment below and its affirmance here, that one is obliged as a matter of law to bring an action before there is a clear indication that damages have even been sustained. Such a holding will require the bringing of protective actions in every case in which a supposed medical misadventure may have occurred, on the off chance that an injury will subsequently manifest itself. I had thought that, particularly in this field, the policy of this jurisdiction was to discourage such lawsuits, not encourage them. In my view, the judgment below should be reversed. Johnson v. Mullee, 385 So.2d 1038 (Fla. 1st DCA 1980); see, School Board of Seminole County v. GAF Corp., 413 So.2d 1208 (Fla. 5th DCA 1982); Swagel v. Goldman, 393 So.2d 65 (Fla. 3d DCA 1981), and cases cited.
NOTES
[1] The infant was born on July 9, 1973. The instant action was not filed until April 25, 1978 (after a medical mediation proceeding had been terminated, which commenced on July 7, 1977). The applicable statute of limitation is Sec. 95.11(6) Florida Statutes (1973) and the applicable time to commence the action was within 2 years of the infant's birth. Homemakers, Inc. v. Gonzalez, 400 So.2d 965 (1981).