BARKDULL, Judge.
Appellants, as plaintiffs, filed a medical malpractice action against the defendants seeking damages for injuries sustained by the infant child at birth. The trial judge entered summary judgment for the defendants finding that the action was barred by the statute of limitations,[1] as the parents were put on notice at the time of the birth of the infant of the alleged negligent conduct or injury.
Prior to the mother being taken to the hospital for delivery it was a normal pregnancy. After she commenced labor the husband was advised there was an emergency and the baby would be taken by Cesarean Section. After the baby was born the father was on notice that for a period in excess of thirty minutes, while the infant was “blue”, the doctors had attempted to administer oxygen; that they were unsuccessful in their treatment, and received permission to transfer the infant to the emergency facility at Jackson Hospital, that one of the doctors did not expect the baby to live, another doctor told the father that he did the best he could and (apparently the *1210 baby would not live) and he, the father would have to do what he had to do.
While the child was being transported to Jackson in an emergency vehicle her chest was cut open and a tube inserted to assist her in breathing. The parents knew that it was an emergency situation, that there was a problem with the delivery, that the child had swallowed something which restricted breathing, and that the child was starved for oxygen.
With these admissions in the record, as a matter of law they were on notice from the time of the birth of the alleged negligence or of injury to the infant and therefore, the trial judge was correct in granting a summary judgment based on the statute of limitations. Nardone v. Reynolds, 333 So.2d 25 (Fla.1976); Robinson v. Sparer, 365 So.2d 438 (Fla. 3d DCA 1978); MacMurray v. Board of Regents, 362 So.2d 969 (Fla. 1st DCA 1978); Hill v. Virgin, 359 So.2d 918 (Fla. 3d DCA 1978); McCloud v. Hall, 180 So.2d 509 (Fla. 2nd DCA 1965); Buck v. Mouradian, 100 So.2d 70 (Fla. 3d DCA 1958).
The final summary judgment under review is affirmed.
Affirmed.

. The infant was born on July 9, 1973. The instant action was not filed until April 25, 1978 (after a medical mediation proceeding had been terminated, which commenced on July 7, 1977). The applicable statute of limitation is Sec. 95.-11(6) Florida Statutes (1973) and the applicable time to commence the action was within 2 years of the infant’s birth. Homemakers, Inc. v. Gonzalez, 400 So.2d 965 (1981).