441 So.2d 1098 (1983)
Elbert BROWN and Edith Brown, Appellants,
v.
ARMSTRONG WORLD INDUSTRIES, INC.; the Celotex Corporation; Nicolet, Inc.; Gaf Corporation; Pittsburgh Corning Corporation; Eagle-Picher Industries, Inc.; Owens-Illinois, Inc.; Combustion Engineering, Inc.; and Owens-Corning Fiberglas Corporation, Appellees.
No. 82-2678.
District Court of Appeal of Florida, Third District.
November 1, 1983.
Rehearing Denied December 28, 1983.
Frederick M. Baron and Jane N. Saginaw, Robles & Robles, and Brian Weinstein, Dallas, Tex., for appellants.
Shackleford, Farrior, Stallings & Evans and Charles P. Schropp and Raymond T. Elligett, Jr. and Clark Jordan-Holmes, Tampa, Harold C. Knecht, Jr., Coral Gables, Stephens, Lynn, Chernay & Klein and Debra Levy Neimark, Kimbrell, Hamann, Jennings, Womack, Carlson & Kniskern and Michael K. McLemore, Miami, Marks, Gray, Conroy & Gibbs and James C. Rinaman, Jacksonville, Blackwell, Walker, Gray, Powers, Flick & Hoehl and James C. Bleck, Miami, for appellees.
Before BARKDULL, DANIEL S. PEARSON and FERGUSON, JJ.
PER CURIAM.
The trial court entered final summary judgment for the defendants on the ground that the action, commenced July 31, 1979, was barred by the applicable statute of limitations, Section 95.11(3), Florida Statutes (1979).[1] We reverse because there *1099 remains a material factual issue as to whether claimant, prior to July 31, 1975, in the exercise of reasonable diligence should have known that he had a cause of action against product manufacturers for injuries caused by exposure to asbestos. See Perez v. Universal Engineering Corp., 413 So.2d 75 (Fla. 3d DCA 1982); Nolen v. Sarasohn, 379 So.2d 161 (Fla. 3d DCA 1980).
In addition to the testimony upon which the dissent focuses, plaintiff also testified that he has visited physicians regularly during his adult life, in later years complaining of shortness of breath, and that he was not informed by any physician until 1979 that he suffered from an asbestos-related disease. There is no showing by the defendants that any physician could have established to a reasonable medical certainty  prior to 1979  a cause and effect relationship between plaintiff's exposure to asbestos and his physical disability.
It is a burden of one seeking summary judgment to demonstrate conclusively the nonexistence of a genuine issue of material fact. Holl v. Talcott, 191 So.2d 40 (Fla. 1966). On the record before us the burden is not carried.
Reversed and remanded.
BARKDULL, Judge, dissenting.
I respectfully dissent from the majority opinion and would hold that as a matter of law the plaintiff should have discovered with the exercise of due diligence his injury some 4 years prior to the commencement of the action.
The Florida Statute of Limitations governing this cause of action for negligence and products liability is Section 95.11(3)(a), (e), Florida Statutes (1979). This read with Section 95.031(2), Florida Statutes (1979) provides that the four year time period commences
"running from the time the facts giving rise to the cause of action were discovered or should have been discovered with the exercise of due diligence... .."
The plaintiff should have discovered that his breathing difficulties beginning in the 1960s were a result of his exposure to asbestos. Plaintiff's own testimony which formed the basis for the entry of the judgment reads in part as follows:
Q. Now, you said before this morning that one of the reasons that you retired in 1968 was shortness of breath.
A. Right.
Q. And you had been experiencing that for some time prior to 
A. Right.
Q.  prior to 1968.
A. Right.
Q. When did that start?
A. I don't know, maybe a year or two, just  it's built up to it. It's built up to it.
Q. Did you ever see any physician for that problem?
A. No.
Q. At all?
A. No. You mean before this Dr. Tate?
Q. Yes?
A. Before him, no.
Q. Yes, before him?
A. No.
Q. So, the first doctor that you specifically saw for a chest problem was Dr. Tate?
A. Right.
Q. When did you first hear the word, "asbestosis"?
A. I don't know. I guess maybe when they come out with it in the papers about it.
Q. And when was that?
A. I don't remember, '70, '71 or '72, whenever.
Q. You were retired at that point; correct?
A. Yeah.
Q. Did you still attend union meetings?
A. No, no, because I was moved away.
Q. Where were you living at that point?
A. Up in Inglis.

*1100 Q. Did you become concerned at that point that your breathing problems might be because of your exposure to asbestos?
A. Yes, yes, in a sense, but, you know, you would have  if you don't know that you've got it you don't look for it.
Q. You knew that asbestos and asbestosis was a lung problem that insulation workers were developing; did you not?
A. According to the paper, yes.
Q. And you knew, of course, that you had shortness of breath?
A. Right.
Q. And you had had it for a number of years?
A. Right.
Q. And in your mind did you relate the shortness of breath that you were having to your career in asbestos industry?
A. No, because I didn't want to. You don't like to even think that you have got it.
Q. So, if you thought about it at all you dismissed it from your mind because you didn't want to think about it?
A. I tried to.
Q. Tell me in 1971 and '72 when you read this in the papers about asbestosis causing lung disease 
A. Yes.
Q.  how you were doing as far as your shortness of breath?
A. Well, it was  I would say it was progressively getting worse.
Q. Were you progressively getting more worried as it got worse?
A. Yes, I was bound to be concerned, but I tried not to do a lot of worrying.
Q. Okay.
A. But naturally it was a concern.
Q. When you read this information concerning that that the inhalation of asbestos dust possibly being harmful to your breathing, and this is at a period of time when you have had these breathing problems which were getting worse, did you contact your union or contact any co-workers to find out what they had heard about it?
A. About two years ago.
Q. What I would like for you to do, Mr. Brown, is focus on 1971 or '72 when you read this information in the papers about asbestos causing breathing problems and my question is, at that time during those years upon finding that out did you contact any co-workers or union members concerning what they knew about asbestos or asbestosis?
A. No.
Q. At that point did you go to a doctor concerning your increasing breathing problems?
A. No.
Q. Why?
A. That is a good question. I wish that I could answer it.
Q. Well, give my your best answer.
A. I would say just too darn stupid.
Q. What do you mean by that.
A. Well, me  I should have gone, no doubt about it, but I didn't.
Q. And in what way do you mean stupid?
A. I should have gone, I should have had respect for my body than just let something like that go.
Q. So, you just decided to ignore it; is that what you are telling me?
A. That is what I did.
I would hold that the admissions of the plaintiff as set out above established as a matter of law that his cause of action is time barred by the statute of limitations. Nardone v. Reynolds, 333 So.2d 25 (Fla. 1976); Buck v. Mouradian, 100 So.2d 70 (Fla. 3d DCA 1958); Morre, By and Through Moore v. Morris, 429 So.2d 1209 (Fla. 3d DCA 1983); Roberts v. Casey, 413 So.2d 1226 (Fla. 5th DCA 1982); Steiner v. *1101 Ciba-Geigy Corporation, 364 So.2d 47 (Fla. 3d DCA 1978).
NOTES
[1] Section 95.11 provides in pertinent part:

Actions other than for recovery of real property shall be commenced as follows:
(3) WITHIN FOUR YEARS.
(a) An action founded on negligence.
* * * * * *
(e) An action for injury to a person founded on the design, manufacture, distribution, or sale of personal property that is not permanently incorporated in an improvement to real property, including fixtures.
Section 95.11(3) must be read in conjunction with Section 95.031(2), which provides in pertinent part:
(2) Actions for products liability ... under s. 95.11(3) must be begun within the period prescribed in this chapter, with the period running from the time the facts giving rise to the cause of action were discovered or should have been discovered with the exercise of due diligence, instead of running from any date prescribed elsewhere in s. 95.11(3). .. .