679 So.2d 291 (1996)
OWENS-CORNING FIBERGLASS CORPORATION, Appellant,
v.
James CORCORAN, et al., Appellees.
No. 94-1931.
District Court of Appeal of Florida, Third District.
July 17, 1996.
Rehearing Denied October 2, 1996.
Blaire & Cole, Coral Gables; Berger & Chafetz and Steven R. Berger Miami, for appellant.
Ferraro & Associates; Podhurst, Orseck, Josefsberg, Eaton, Meadow, Miami, Olin & Perwin and Joel S. Perwin, Miami, for appellees.
Stephens, Lynn, Klein & McNicholas and Louise H. McMurray, Miami, for Pittsburgh Corning Corporation, as amicus curiae.
Before BARKDULL, NESBITT and COPE, JJ.
NESBITT, Judge.
Robert Galotti, decedent of James Corcoran et al., was exposed to asbestos-containing products between 1966 and 1972. The legislature enacted Section 95.031(2), Florida Statutes in 1975, imposing a twelve-year limitation on product liability actions. That twelve-year period, as applicable to products to which Galotti was exposed, expired in 1984. The statute was repealed in 1986. Galotti sued in December 1993, alleging injury because of his exposure to asbestos. Defendant Owens-Corning Fiberglass Corp. (Owens-Corning) moved for summary judgment based upon the statute of repose.[1] The trial court denied the motion on authority of Diamond v. E.R. Squibb & Sons, Inc., 397 So.2d 671 (Fla.1981). The case went to trial and judgment was ultimately awarded in plaintiffs' favor.
On direct appeal, Owens-Corning argues chiefly that on the instant facts, the statute of repose bars recovery.[2] Corcoran et al. *292 cross appeal, arguing that the calculations utilized by the trial court in entering the final judgment do not strictly comport with the formula adopted by the supreme court in Wells v. Tallahassee Memorial Regional Medical Ctr. Inc., 659 So.2d 249 (Fla.1995), decided after entry of the instant judgment. We affirm the judgment in plaintiffs' favor. However, because, as Owens Corning concedes, the calculations utilized by the trial court in entering the final judgment do not comport with the formula adopted in Wells, we reverse in part the trial court's order, and remand with instructions to recalculate the judgment.
Addressing the issue on direct appeal, the manufacturer cites to several recent supreme court cases applying the medical malpractice repose period. In each of these cases, the court unambiguously concluded that the plaintiff's cause of action was time-barred upon expiration of the repose period, without regard to the plaintiff's knowledge of injury or the nature of the injury alleged. See Kush v. Lloyd, 616 So.2d 415 (Fla.1992); Public Health Trust of Dade County v. Menendez, 584 So.2d 567, 568 (Fla.1991); University of Miami v. Bogorff, 583 So.2d 1000 (Fla.1991); Carr v. Broward County, 541 So.2d 92 (Fla.1989).[3]
Appellees, on the other hand, argue that the trial court correctly concluded that application of the repose period to the instant facts would be unconstitutional, violating article I, section 21 of the Florida Constitution, which provides: "The courts shall be open to every person for redress of any injury, and justice shall be administered without sale, denial or delay."
Although the legislature may restrict access to the courts, it must first provide a reasonable alternative remedy or commensurate benefit or it must make a showing of overpowering public necessity justifying the restriction with a finding that there is no alternative method of meeting such public necessity. State Farm Mut. Auto. Ins. Co. v. Hassen, 650 So.2d 128, 140 (Fla. 2d DCA 1995), approved 674 So.2d 106 (Fla.1996), (citing Kluger v. White, 281 So.2d 1 (Fla. 1973)).
Supporting the order under appeal, appellees point to the Diamond case, cited by the trial court, as well as two subsequent supreme court cases, Pullum v. Cincinnati, Inc., 476 So.2d 657 (Fla.1985) appeal dismissed, 475 U.S. 1114, 106 S.Ct. 1626, 90 L.Ed. 2d 174 (1986) and Conley v. Boyle *293 Drug Co., 570 So.2d 275 (Fla.1990), both of which observe Diamond's continuing viability. Relying on these three cases, as well as Kluger, "the polestar decision for construction of article I section 21," Overland Constr. Co., Inc. v. Sirmons, 369 So.2d 572 (Fla. 1979), we agree with the trial court's analysis.
In Diamond, a drug known as diethylstilbestrol (DES), was ingested during the plaintiff mother's pregnancy shortly after purchase of the drug between 1955 and 1956. The effects of the drug did not become manifest until after the plaintiff daughter reached puberty. The court concluded that under such circumstances application of the statute of repose would result in an unlawful denial of access to the courts. Thus, the statute was held not to bar the plaintiffs' recovery. At the time Diamond was decided, however, under Battilla v. Allis Chalmers Mfg. Co., 392 So.2d 874 (Fla.1980), the court had previously held that the repose statute, as applied, unconstitutionally denied plaintiffs' access to court. Thus, Diamond merely cited to existing case law, and contained no insight into the court's reasoning.
In Pullum, Richard Pullum was injured in 1977 by a machine delivered in 1966. He sued the manufacturer in 1980, past the repose period. In 1985, the supreme court affirmed the summary judgment that had been ordered in the manufacturer's favor. In doing so, the court receded from Battilla, and concluded that the legislature, in enacting section 95.031(2), had reasonably decided that perpetual liability placed an undue burden on manufacturers.[4]Pullum, 476 So.2d at 659.
Nonetheless, by footnote, the Pullum court maintained the exception earlier established in Diamond, stating:

Pullum also refers to Diamond v. E.R. Squibb & Sons, Inc., 397 So.2d 671 (Fla. 1981), as being in accord with Battilla. In Diamond, we held that the operation of section 95.031(2) operated to bar a cause of action before it accrued and thereby denied the aggrieved plaintiff access to the courts. But Diamond presents an entirely different factual context than existed in either Battilla or the present case where the product first inflicted injury many years after its sale. In Diamond, the defective product, a drug known as diethylstilbestrol produced by Squibb, was ingested during plaintiff mother's pregnancy shortly after purchase of the drug between 1955-1956. The drug's effects, however, did not become manifest until after plaintiff daughter reached puberty. Under these circumstances, if the statute applied, plaintiffs' claim would have been barred even though the injury caused by the product did not become evident until over twelve years after the product had been ingested. The legislature, no doubt, did not contemplate the application of this statute to the facts in Diamond. Were it applicable, there certainly would have been a denial of access to the courts.
476 So.2d at 659, n. *.
No Supreme Court case post Pullum reverses or recedes from Diamond. In 1990, the court again affirmed Diamond's viability in Conley v. Boyle Drug Co., another DES case, stating:
We have recognized that because of the delay between the mother's ingestion of the drug and the manifestation of injury to the plaintiff, DES cases must be accorded different treatment than other products liability actions for statute of repose purposes. *294 Conley, 570 So.2d at 283. (Citations to Pullum and Diamond omitted.) Because we find the instant facts directly analogous to those in Diamond, supported by our judgment that this is a correct application of Kluger, we conclude that the trial court properly held the instant claim not to be time-barred. See Vilardebo v. Keene Corp., 431 So.2d 620 (Fla. 3d DCA), appeal dismissed, 438 So.2d 831 (Fla.1983).
Admittedly, the Supreme Court has not elaborated on Diamond's analytical underpinning, thus leaving the district courts to speculate on that case's continued viability and the breadth of the exception established therein.[5] Also, we acknowledge that the court has strongly and repeatedly reaffirmed the application of the repose statute, section 95.11(4)(b), to bar plaintiffs' actions in the medical malpractice context, regardless of their knowledge of injury within the repose period.[6]
The exposure to asbestos is very much like the ingestion of DES. Other than the actual chemical involved, the method of human absorption and the nature of the resulting physical reaction, the facts are alike.
Therefore, we conclude as did Justice McDonald in his concurrence in Diamond:
[the plaintiff] had an accrued cause of action but it was not recognizable, through no fault of [his], because the injury had not manifested itself. This is different from a situation where the injury is not inflicted for more than twelve years from the sale of the product. When an injury has occurred but a cause of action cannot be pursued because the results of the injury could not be discovered, a statute of limitation barring the action ... bar[s] access to the courts and is constitutionally impermissive.
Diamond, 397 So.2d at 672. Interestingly, it was Justice McDonald's dissent in Battilla, that was subsequently adopted by the majority in Pullum. This reinforces our conclusion that his view of the statute's nonapplicability to the type of injury alleged herein is correct. Employing his analysis, we believe that applying the statute of repose to the instant facts would result in an unconstitutional denial of access to the court.
It is important to stress that our decision today in no way refers to or affects application of the medical malpractice statute of repose. The overriding public necessity of its operation has been acknowledged and is set out in Carr v. Broward County, 541 So.2d 92, 95 (Fla.1989) (holding "section 95.11(4)(b) was properly grounded on an announced public necessity and no less stringent measure would obviate the problems the legislature sought to address, and thus the statute does not violate the access-to-courts provision.") Nor does our decision affect the general application of section 95.031(2), a question settled in Pullum.
Rather, Diamond, Pullum, and Conley, confirm our analysis that because a public necessity was never enunciated, demonstrated, or contemplated for application of the now defunct section 95.031(2) to a case such as this one, resulting in a long delay in *295 manifestation of symptoms that will support a medical diagnosis of injury, such application is constitutionally impermissive.
Affirmed in part, reversed in part, and remanded solely for recalculation of the judgment, in accordance with Wells.
NOTES
[1] Owens-Corning argued that it had a vested right not to be held accountable for Galotti's injury. The manufacturer relied on Firestone Tire & Rubber Co. v. Acosta, 612 So.2d 1361 (Fla.1992). In Acosta the court held that a manufacturer's right not to be sued under the statute of repose vests when the time period under the statute has expired for the product in issue, prior to the statute's repeal in 1986. Thus, Owens-Corning asserts it had a right not to be sued since the statute had expired for the asbestos at issue, at the latest in 1984.
[2] Florida's statute of repose, section 95.031(2), Fla.Stat. (1983), provided in pertinent part:

Actions for products liability ... under s. 95.11(3) must be begun within the period prescribed in this chapter, with the period running from the time the facts giving rise to the cause of action were discovered or should have been discovered with the exercise of due diligence, instead of running from any date prescribed elsewhere in s. 95.11(3), but in any event within 12 years after the date of delivery of the completed product to its original purchaser... regardless of the date of the defect in the product ... was or should have been discovered.
As stated in Whigham v. Shands Teaching Hospital & Clinics, Inc., 613 So.2d 110, 112 (Fla. 1st DCA 1993), rev. dismissed, 634 So.2d 629 (Fla. 1994) (citing 54 C.J.S. Limitations of Actions § 4 (1987)) (emphasis added):
While "[a] statute of limitations normally governs the time within which legal proceedings must be commenced after the cause of action accrues ... [a] statute of repose ... limits the time within which an action may be brought and is not related to the accrual of any cause of action; the injury need not have occurred, much less have been discovered.".
[3] In the medical malpractice context, the Supreme Court has made clear that a limitations period is a valid exercise of legislative authority. In Public Health Trust v. Menendez, 584 So.2d 567, 568 (Fla.1991), a medical malpractice case, the court upheld a limitations period and observed the repose period "bars any and all claims... even for acts of negligence that could not reasonably have been discovered within this period of time." Also in Kush v. Lloyd, 616 So.2d 415, 422 (Fla.1992) the court noted, "once we determined that the statute was constitutional, our review of its merits was complete. This court is not authorized to second guess the legislature's judgment." See Carr v. Broward County, 541 So.2d 92 (Fla.1989) (Parents' medical malpractice action in regard to children's birth defects was barred by seven-year statute of repose despite parents' argument that, notwithstanding their due diligence, they were unable to discover facts and circumstances surrounding prenatal and obstetrical care and the care rendered during birth.); see also Harriman v. Nemeth, 616 So.2d 433 (Fla.1993) (statute of repose barred medical malpractice suit if alleged malpractice occurred more than four years before suit was filed but injury resulting did not manifest itself within statutory four-year period).
[4] In Pullum, the court rested its decision on the public need to limit manufacturer liability, thus employing the test articulated in Kluger v. White, 281 So.2d 1, 4 (Fla.1973) wherein the court observes:

[W]here a right of access to the courts for redress for a particular injury has been provided by statutory law predating the adoption of the Declaration of Rights of the Constitution of the State of Florida, or where such right has become a part of the common law ... pursuant to Fla.Stat. § 2.01, F.S.A., the Legislature is without power to abolish such a right without providing a reasonable alternative to protect the rights of the people of the State to redress for injuries, unless the Legislature can show an overpowering public necessity for the abolishment of such right, and no alternative method of meeting such public necessity can be shown.
[5] Most recently, the first district in Doe v. Shands Teaching Hosp. & Clinics, Inc., 614 So.2d 1170, 1171 (Fla.App. 1st DCA), review denied, 626 So.2d 204 (Fla.1993), concluded:

The statute of repose which would have barred the cause of action in Diamond, but for its unconstitutionality, became effective on January 1. 1975. Ch. 74-382, Laws of Fla. Mrs. Diamond's ingestion of DES took place almost two decades prior to enactment of the statute, and caused cancer in her child only after the child reached her teenage years. Thus, in Diamond, it can be said that the "new" statute of repose operated to bar the existing cause of action. See Shields v. Buchholz, 515 So.2d 1379, 1383 (Fla. 4th DCA 1987) (recognizing a possible exception where the cause of action accrued prior to the adoption of the statute of repose), rev. dismissed, 523 So.2d 578 (Fla.1988).
Also, a number of state courts have recognized a distinction between delayed injury and delayed "discovery of injury", and concluded a statute of repose should not be held to bar the latter. See Lisa K. Mehs, Asbestos Litigation and Statutes of Repose: the Application of the Discovery Rule in the Eighth Circuit Allows Plaintiffs to Breath Easier, 24 Creighton L.Rev. 965 (1992) (Reviewing legislative and judicial treatment of repose period in asbestos litigation.) See also Robert L. Trohn & Jonathan B. Trohn, Denial of Access to Courts for Latent Injuries, 18 Nova L.Rev. 616 (1993) (advocating Florida courts should use delayed discovery of injury analysis.)
[6] See cases cited supra note 3.