683 So.2d 154 (1996)
OWENS-CORNING FIBERGLAS CORPORATION, Appellant,
v.
Ernestine I. RIVERA, as Personal Representative of the Estate of Jesse Rivera, deceased, Appellee.
Nos. 96-185, 95-3208.
District Court of Appeal of Florida, Third District.
October 23, 1996.
Rehearing Denied December 4, 1996.
*155 Berger & Chafetz and Steven R. Berger, Miami, for appellant.
Robles & Gonzalez and Juan P. Bauta, Miami, for appellee.
Before BARKDULL, NESBITT and COPE, JJ.
PER CURIAM.
In this product liability action, Owens-Corning Fiberglas Corp., the manufacturer of Kaylo, an asbestos containing product, seeks reversal of judgment in plaintiff's favor, including punitive damages. On the following brief analysis, we affirm.
Ernest J. Rivera, as personal representative of the estate of Jesse Rivera, deceased, brought the instant action against a number of defendants, alleging decedent had been exposed to Kaylo between 1963 and 1966. Owens-Corning answered asserting affirmative defenses including the statute of repose. Also, the manufacturer argued that repeated imposition of punitive damages was grossly excessive and violated the due process clause of the Fourteenth Amendment. All other named defendants settled and the cause went to trial solely against Owens-Corning. During the course of the trial, the manufacturer moved for a directed verdict, again posing the statute of repose defense, and again arguing a violation of due process would be occasioned by an award of punitive damages. Ultimately, final judgement was entered in Rivera's favor for $3,545,000, of that amount $1,500,000 being for punitive damages.
The manufacturer argues the same two issues on appeal. Owens-Corning Fiberglass v. Corcoran, 679 So.2d 291 (Fla. 3d DCA 1996) is dispositive of the manufacturer's statute of repose defense. In Corcoran, we observed: "[w]hen an injury has occurred but a cause of action cannot be pursued because the results of the injury could not be discovered, a statute of limitation barring the action ... bar[s] access to the courts and is constitutionally impermissive." Id. (quoting Diamond v. E.R. Squibb & Sons, Inc., 397 So.2d 671, 672 (Fla.1981)) (McDonald, J. concurring). Concluding Corcoran controls, we find that the trial court here properly rejected Owens-Corning's statute of repose defense.
Likewise unmeritorious is Owens-Corning's argument that the instant punitive damages award constitutes excessive punishment. Our Supreme Court's opinion in W.R. Grace & Co. Conn. v. Waters, 638 So.2d 502 (Fla.1994)[1] approved repetitive punitive *156 damage awards. The case also provided a mechanism for affording a defendant the opportunity to show a jury how much it had already been punished for its behavior, and to argue against any further award as excessive.
Here, Owens-Corning introduced evidence to the jury regarding the company's financial status and the amount it had paid in prior punitive damage awards. Owens-Corning chose not to avail itself of the protection offered by the option of bifurcation. Waters, 638 So.2d at 504. However, the manufacturer certainly argued the financial impact of asbestos litigation.
Supporting its due process claim the manufacturer relies on BMW of North America v. Gore, ___ U.S. ___, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996). The court in BMW recognized a grossly excessive punitive damages award violates the due process clause, and held that a $2 million punitive award against BMW for failing to disclose that the company had repainted a new $40,000 car, thereby reducing its value by $4000, was grossly excessive. In evaluating such a claim, BMW advises consideration of the level of reprehensibility of a manufacturer's conduct and analysis of the ratio between the damages awarded and the actual harm done to the injured party. We need go no further than consider the instant conduct, which was highly deleterious to human health, and the instant compensatory and punitive awards, which were clearly proportionate, to conclude this manufacturer's due process argument fails.
Accordingly, the order under review is affirmed.
NOTES
[1] Waters, 638 So.2d at 504 observed:

The courts of other jurisdictions have unanimously refused to limit the imposition of successive punitive damage awards in mass tort or products liability litigation. E.g., Dunn v. HOVIC, 1 F.3d 1371 (3d Cir.), modified in part on other grounds, 13 F.3d 58 (3d Cir.), cert. denied, 510 U.S. 1031, 114 S.Ct. 650, 126 L.Ed.2d 608 (1993); Glasscock v. Armstrong Cork Co., 946 F.2d 1085 (5th Cir.1991), cert. denied, 503 U.S. 1011, 112 S.Ct. 1778, 118 L.Ed.2d 435 (1992); Jackson v. Johns-Manville Sales Corp., 781 F.2d 394 (5th Cir.), cert. denied, 478 U.S. 1022, 106 S.Ct. 3339, 92 L.Ed.2d 743 (1986); Moran v. Johns-Manville Sales Corp., 691 F.2d 811 (6th Cir.1982). Three of Florida's district courts of appeal have reached the same conclusion. Waters, 610 So.2d at 20; Baione v. Owens-Illinois, Inc., 599 So.2d 1377 (Fla. 2d DCA 1992); Johns-Manville Sales Corp. v. Janssens, 463 So.2d 242 (Fla. 1st DCA 1984), review denied, 467 So.2d 999 (Fla.1985); Celotex Corp. v. Pickett, 459 So.2d 375 (Fla. 1st DCA 1984), approved, 490 So.2d 35 (Fla.1986).
The court discarded the "first comer" theory of punitive damages ... as a theory "uniformly rejected." Id. and citing with approval State ex rel Young v. Crookham, 290 Or. 61, 618 P.2d 1268, 1272 (1980) for the proposition that a system which reduces civil justice to a race to the courthouse steps should not be endorsed.