752 So.2d 556 (2000)
PULMOSAN SAFETY EQUIPMENT CORPORATION, Petitioner,
v.
Earl BARNES, et al., Respondents.
No. SC94544.
Supreme Court of Florida.
January 6, 2000.
Robert A. Mercer, Miami, Florida, for Petitioner.
H. Guy Green, Marianna, Florida; Louis K. Rosenbloum, Pensacola, Florida; and Lance P. Bradley of Provost & Umphrey, Beaumont, Texas, for Respondent.
Benjamin H. Hill, III and Marie A. Borland of Hill, Ward & Henderson, P.A., Tampa, Florida; and Hugh F. Young, Jr., Reston, Virginia, for Product Liability Advisory Council, Inc., Amicus Curiae.
Joel S. Perwin of Podhurst, Orseck, Josefsberg, Eaton, Meadow, Olin & Perwin, P.A., Miami, Florida, for The Academy of Florida Trial Lawyers, Amicus Curiae.
PARIENTE, J.
We have for review a decision on the following question certified to be of great public importance:
IS THE EXCEPTION ESTABLISHED IN DIAMOND V. E.R. SQUIBB & SONS, INC., 397 So.2d 671 (Fla.1981), STILL VIABLE IN VIEW OF THE COURT'S RECENT DECISIONS HOLDING THE MEDICAL *557 MALPRACTICE STATUTE OF REPOSE CONSTITUTIONAL?
Barnes v. Clark Sand Co., Inc., 721 So.2d 329, 333 (Fla. 1st DCA 1998). We have jurisdiction. See art. V, § 3(b)(4), Fla. Const.

FACTS
The pertinent facts are set forth in the opinion of the First District in this case:
Earl Barnes (Barnes), formerly employed as a sandblaster, filed a negligence action against appellees (manufacturers), producers of sand used in sandblasting operations.[[1]] He alleged that he had contracted a lung disease (silicosis) from exposure to silica dust emanating from the sand used in sandblasting operations and that appellees' products caused or contributed to his illness. Barnes claimed that he was exposed to the silica dust from 1972 to 1974. The manufacturers denied the material allegations of Barnes' complaint and argued that Barnes' action was barred by the now-repealed products liability statute of repose, section 95.031(2), Florida Statutes (1975).[[2]] The trial court granted the manufacturers' motion for summary judgment. We reverse.
Barnes' left lung was surgically removed on July 16, 1984, and he was informed by his physicians that his lung had been removed because of cancer; however, he was told several weeks later that the lung had been removed because of a fungal infection known as actinomycosis. Barnes testified that he did not know that his lung problems were related to silicosis or exposure to silica dust until 1992, and that the diagnosis of silicosis was not confirmed by tissue analysis until 1995.
Barnes, 721 So.2d at 330. In reversing the trial court's ruling, the First District Court of Appeal relied upon this Court's decision in Diamond, which prevents the statute of repose from extinguishing a products liability cause of action where the plaintiffs injuries are latent and undiscoverable within the repose period. See id. at 330-33. We agree with the district court's conclusion and analysis.
In Diamond, this Court squarely addressed the constitutionality of depriving a plaintiff of her cause of action where her injuries were latent and undiscoverable within the repose period. 397 So.2d at 672. The plaintiff alleged that while unborn, diethylstilbestrol (DES), a drug manufactured by the defendant, was administered to her. See id. DES later was found to be a cause of cancer in girls whose mothers were treated with the drug. See id. The cancerous effects of ingestion of DES did not become "manifest" until the plaintiff reached puberty. See id. at 672 (McDonald, J., specially concurring). The defendant moved for summary judgment based on the statute of repose that existed for products liability suits, which is the same statute applicable to the present case. See id. at 671. The Court held that the statute of repose, as applied in that case, violated the plaintiff's guarantee of access to courts because it *558 barred the plaintiff's cause of action "before it ever existed." Diamond, 397 So.2d at 672.
Justice McDonald explained the necessity for the latent injury exception to the products liability statute of repose in his specially concurring opinion in Diamond:
In this plaintiffs case the claim would have been barred, even though the wrongful act had taken place, before the injury became evident. [Plaintiff] had an accrued cause of action but it was not recognizable, through no fault of hers, because the injury had not manifested itself. This is different from a situation where the injury is not inflicted for more than twelve years from the sale of the product. When an injury has occurred but a cause of action cannot be pursued because the results of the injury could not be discovered, a statute of limitation barring the action does, in my judgment, bar access to the courts and is constitutionally impermissive.
Id. Although in a later opinion the Court upheld the constitutionality of the statute of repose, the majority reiterated the underlying rationale for the latent injury exception as one of constitutional magnitude:
In Diamond, we held that the operation of section 95.031(2) operated to bar a cause of action before it accrued and thereby denied the aggrieved plaintiff access to the courts. But Diamond presents an entirely different factual context than existed in either Battilla or the present case where the product first inflicted injury many years after its sale. In Diamond, the defective product, a drug known as diethylstilbestrol produced by Squibb, was ingested during plaintiff mother's pregnancy shortly after purchase of the drug between 1955-1956. The drug's effects, however, did not become manifest until after plaintiff daughter reached puberty. Under these circumstances, if the statute applied, plaintiffs claim would have been barred even though the injury caused by the product did not become evident until over twelve years after the product had been ingested. The legislature, no doubt, did not contemplate the application of this statute to the facts in Diamond. Were it applicable, there certainly would have been a denial of access to the courts.
Pullum v. Cincinnati, Inc., 476 So.2d 657, 659 n.* (Fla.1985).
As correctly observed by the Third District, "No Supreme Court case post Pullum reverses or recedes from Diamond." Owens-Corning Fiberglass Corp. v. Corcoran, 679 So.2d 291, 293 (Fla. 3d DCA 1996), review denied, 690 So.2d 1300 (Fla. 1997). Indeed, this Court has continued to acknowledge the viability of Diamond by specifically referring to it in other cases that have discussed the statute of repose, including cases that have addressed the medical malpractice statute of repose. See Damiano v. McDaniel, 689 So.2d 1059, 1061 n. 4 (Fla.1997) (distinguishing a medical malpractice case from Diamond, which involved "a products liability action involving an entirely different statute of repose"); Wood v. Eli Lilly & Co., 701 So.2d 344, 346 (Fla.1997) (confirming in a products liability case Diamond's holding "that the products liability statute of repose which was then in effect was unconstitutional as applied in a DES case because the statute operated to bar a cause of action before there was any manifestation of injury"); University of Miami v. Bogorff, 583 So.2d 1000, 1004 (Fla.1991) (distinguishing a case involving claims of medical malpractice and product liability from Diamond, "a case where a drug was ingested and the alleged effects did not manifest themselves until years later"); Conley v. Boyle Drug Co., 570 So.2d 275, 283 (Fla.1990) (recognizing that cases like Diamond involving a delay between ingestion of a drug and the manifestation of an injury "must be accorded different treatment than other products liability actions for statute of repose purposes").
As the Third District explained in Corcoran, a case with facts similar to those *559 here: "[B]ecause a public necessity was never enunciated, demonstrated, or contemplated for application of the now defunct section 95.031(2) to a case such as this one, resulting in a long delay in manifestation of symptoms that will support a medical diagnosis of injury, such application is constitutionally impermissive." 679 So.2d at 294-95. The underlying principle supporting the Diamond exception has not changed since this Court's ruling in Diamond in 1981. Therefore, we hold that in a products liability action where the now-defunct statute of repose is still applicable, the latent injury exception remains viable so that the statute of repose will not extinguish the plaintiffs cause of action if his or her injuries are latent and undiscoverable within the repose period.
Because it would serve no useful purpose to expand further upon the well-reasoned analysis of the district court below, we hereby answer the certified question in the affirmative and approve the First District's decision in this case. It is so ordered.
HARDING, C.J., and SHAW, WELLS, ANSTEAD, LEWIS and QUINCE, JJ., concur.
NOTES
[1] The appellees below and petitioners in this Court were manufacturers and producers of sand used in sandblasting operations. After this Court accepted jurisdiction and the parties completed briefing, petitioner Minnesota Mining & Manufacturing Company settled its portion of the case and was voluntarily dismissed as a party to the proceedings in this Court. Because Clark Sand Company, Inc., did not petition for review, the only remaining petitioner in this case is Pulmosan Safety Equipment Corporation.
[2] Section 95.031, Florida Statutes (1975), providing for a twelve-year statute of repose for products liability actions, became effective January 1, 1975, and was later repealed on July 1, 1986. See § 95.031, Fla. Stat. (1975), repealed by ch. 86-272, Laws of Fla. However, the Court held in Firestone Tire & Rubber Co. v. Acosta, 612 So.2d 1361 (Fla.1992), that the products liability statute of repose gave manufacturers a "vested right" not to be sued for an accident that occurred after the statute of repose was repealed if the completed product was delivered to the actual purchaser prior to the date the statute was repealed.