CANADY, C.J.,
dissenting.
Because there was no settled law in Florida establishing a right of recovery on asbestos-related claims without a showing of impairment of health, the application of the Asbestos and Silica Compensation Fairness Act (the Act) in the plaintiff ap-pellees’ cases does not abrogate any vested rights. No case decided in Florida prior to the adoption of the Act recognized a right of recovery for a plaintiff asserting an asbestos-related claim whose health had not been adversely affected. The common law did not establish that a cognizable injury based on asbestos exposure occurs without the impairment of the plaintiffs health. I therefore dissent from the majority’s holding that the Act interferes with vested causes of action.
None of the cases relied on by the majority recognize any asbestos-related claim by a plaintiff whose health was unimpaired. In certain of the cases relied on by the majority, the nature of the asbestos-related injury claimed by the plaintiff is simply not discussed. See Owens-Corning Fiberglass Corp. v. Corcoran, 679 So.2d 291 (Fla. 3d DCA 1996); W.R. Grace & Co.-Conn. v. Pyke, 661 So.2d 1301 (Fla. 3d DCA 1995). In other cases relied on by the majority, however, it is clear that the plaintiff claimed to be suffering from the effects of asbestos exposure and relied on symptoms of disease to establish the tort claim. In Brown v. Armstrong World Industries, Inc., 441 So.2d 1098, 1099 (Fla. 3d DCA 1983), the court states that the plaintiff testified at trial to visiting physicians and “complaining of shortness of breath.” The Brown court makes further reference to the plaintiffs “physical disability.” Id. In Eagle-Picher Industries, Inc. v. Cox, 481 So.2d 517, 529 (Fla. 3d DCA 1985), the court’s lengthy analysis is punctuated by the observation that the plaintiffs “asbestosis certainly provided him with a chronic, painful and concrete reminder that he has been injuriously exposed to a substantial amount of asbestos.” The plaintiff in Celotex Corp. v. Copeland, 471 So.2d 533, 534 (Fla.1985), had “asbestos-related cancer.” Similarly, two of the plaintiffs in Celotex Corp. v. Meehan, 523 So.2d 141, 147 (Fla.1988), had been diagnosed with mesothelioma; the third plaintiff was diagnosed with “bronchial problems.” In all these cases, there is not a hint of any plaintiff recovering for mere “changes in the lung.” Majority op. at 127. The case law provides no basis for concluding that prior to enactment of the Act it was settled in Florida law that a cause of action existed for an asbestos exposure plaintiff whose health had not suffered as a consequence of the exposure.
The majority errs in adopting an expansive concept of cognizable harm that is unsupported not only by the Florida case law but also by general principles of tort law. The majority’s divergence from general principles of tort law is illustrated by the definition of physical harm in the Third Restatement of Torts, which requires showing more than mere “changes in the lungs” to establish a cognizable injury. The restatement contains the following definition: “ ‘Physical harm’ means the physical impairment of the human body (‘bodily harm’).... Bodily harm includes physical injury, illness, disease, impairment of bodily function, and death.” Restatement (Third) of Torts: Liability for *135 Physical and Emotional Harm § 4 (2005). This definition limits physical harm to circumstances in which some ill effect exists. “[A]ny level of physical impairment is sufficient for liability,” id. cmt. c, but changes in the body that have no ill effect are not sufficient to establish a legally cognizable bodily harm. A “change in the physical condition of a person’s body” “counts as a harmful impairment” only if that change is “detrimental.” Id. The Restatement Third definition is in line -with the definition of “harm” in the Restatement Second. See Restatement (Second) of Torts § 7 cmt. b. (1965) (“Physical changes or alterations may be either beneficial, detrimental, or of no consequence to a person. In so far as physical changes have a detrimental effect on a person, that person suffers harm”).
This understanding of bodily harm has been applied in the context of asbestos litigation to deny recovery to plaintiffs presenting claims similar to those at issue here. See In re Hawaii Fed. Asbestos Cases, 734 F.Supp. 1563, 1567 (D.Haw.1990) (“Plaintiffs must show a compensable harm by adducing objective testimony of a functional impairment due to asbestos exposure. ... [T]he mere presence of asbestos fibers, pleural thickening or pleural plaques in the lung unaccompanied by an objectively verifiable functional impairment is not enough.”); Owens-Illinois v. Armstrong, 87 Md.App. 699, 591 A.2d 544, 561 (1991) (“[M]ere alteration of the pleura is [not] a legally compensable injury.”), aff'd, in part and rev’d in part on other grounds, 326 Md. 107, 604 A.2d 47 (1992); Simmons v. Pacor, Inc. 543 Pa. 664, 674 A.2d 232, 237 (1996) (“[Asymptomatic pleural thickening is not a compensable injury which gives rise to a cause of action.”).
Recently, the Supreme Court of Ohio relied on this understanding of cognizable harm in rejecting a challenge to an Ohio statute similar to the Act. The court concluded that the plaintiff “has not established that the settled common law in Ohio permitted tort recovery for asymptomatic pleural thickening in asbestos exposure cases prior to the enactment of [the challenged statute]” and that the statute therefore did not interfere with vested rights. Ackison v. Anchor Packing Co., 120 Ohio St.3d 228, 897 N.E.2d 1118, 1126 (2008).
The United States Supreme Court has likewise recognized that asbestos-exposure claims are not cognizable where the plaintiff is not suffering from disease symptoms. In Metro-North Commuter Railroad Co. v. Buckley, 521 U.S. 424, 427, 117 S.Ct. 2113, 138 L.Ed.2d 560 (1997), the court held that a worker making a claim under the Federal Employers’ Liability Act (FELA) based on asbestos exposure “cannot recover unless, and until, he manifests symptoms of a disease.” The court’s analysis of the statutory claim was based in significant part on “common-law precedent.” Id. at 432, 117 S.Ct. 2113. Subsequently, in Norfolk & Western Railway Co. v. Ayers, 538 U.S. 135, 141, 123 S.Ct. 1210, 155 L.Ed.2d 261 (2003) (emphasis added), the court, applying the rule laid down in Buckley, recognized “actionable injury asbestosis caused by work-related exposure to asbestos” as a proper basis for a FELA claim. The court stated that asbestosis is a “chronic disease” with “symptoms including] shortness of breath, coughing, and fatigue.” Id. at 141, 142 n. 2, 123 S.Ct. 1210. The court recognized that “[a]sbestosis is ‘a chronic, painful and concrete reminder that [a plaintiff] has been injuriously exposed to a substantial amount of asbestos.’ ” Id. at 155-56, 123 S.Ct. 1210 (alteration in original) (quoting Eagle-Picher, 481 So.2d at 529). The court went on to note the distinction between “asymptomatic asbestos plaintiffs” and plaintiffs who have “suffered real physical harm,” and specifically cited com *136 mentary “classifying plaintiffs with pleural thickening as asymptomatic.” Id. at 156, 123 S.Ct. 1210. Ayers and Buckley— which rely on the common law — support the conclusion that there is no settled common law right for an asbestos-exposure plaintiff to recover for “changes in the lung” without accompanying impairment of health.
The decision of the Fourth District Court should be reversed.
POLSTON, J., concurs.